Mary Margaret Larson **CAMPBELL, Relator,**

v.

**Honorable Patrick PIRTLE, Judge, Respondent.**

**No. 07–90–0103–CV.**

Court of Appeals of Texas, Amarillo.

May 14, 1990.

Templeton & Garner, John H. Lovell, Amarillo, for relator.

Patrick Pirtle, Amarillo, pro se.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

REYNOLDS, Chief Justice.

By this original proceeding arising from an action to determine ownership of insurance policies, relator Mary Margaret Larson Campbell requests leave to file her petition for writ of mandamus. She seeks the writ to command the Honorable Patrick Pirtle, Judge of the 251st District Court of Randall County, to vacate his order granting the real party in interest, Michael Weymouth Campbell, protection from discovery of his health condition, and to order him to answer questions regarding the condition of his health. Because respondent was entitled to find that the discovery sought was not relevant to a controlling fact issue in dispute in the litigation, relator's motion for leave to file her petition will be overruled.

This original proceeding had its origin in a dispute between real-party-in-interest Michael and relator Mary Margaret over the ownership of three insurance policies issued on the life of Michael and in existence when he and Mary Margaret were divorced on 28 August 1986. An agreement they made for the division of their community property was approved in the decree of divorce.

On 31 October 1989, Michael filed an original petition for specific enforcement of the agreement, by virtue of which, he alleged, the insurance policies became his sole and separate property. Mary Margaret answered, denying Michael's allegations and interposing the defenses of waiver, estoppel and laches.

Later, during the taking of Michael's deposition, he was asked:

Q. Now, Mike, have you been diagnosed as having some terminal illness?

Michael's counsel foreclosed his answer by objections founded on invasion of privacy, irrelevancy, immateriality, and doctor-patient privilege.

Mary Margaret moved respondent to compel Michael to testify fully and completely in regard to matters of his health, and Michael moved for a protective order grounded on the objections voiced at the deposition. Following a hearing, respon-

dent denied Mary Margaret's motion and granted Michael's motion to the extent that she is prohibited from making inquiry of Michael whether he suffers from a terminal illness.

Relator seeks mandamus relief on the contention that Michael knowingly and intentionally waived his right to receive the insurance policies, allowing her to make all premium payments on them, until he became aware that he was dying, at which time he sought to acquire the policies for the benefit of his estate. As a consequence, she argues that evidence regarding the existence or nonexistence of his terminal illness will be extremely relevant for the jury in determining the issues of waiver, estoppel and laches. On this basis, she proposes three ways in which respondent abused his discretion in not allowing discovery on the issue of terminal illness.

 The scope of discovery rests within the discretion of the trial court, *Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105, 108 (Tex.1985), but mandamus will lie to vacate orders where there has been a gross abuse of discretion. *State v. Sewell*, 487 S.W.2d 716, 718 (Tex.1972). An abuse of discretion occurs when the trial court's action is arbitrary, unreasonable, based upon a gross and prejudicial error of law, *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985), or is without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). Then, by attacking respondent's order as an abuse of discretion, relator has assumed the heavy burden of establishing that because the facts and law required a different decision, respondent lacked the discretion to make the decision entered. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d at 917–18.

In view of relator's premise that the status of Michael's health is extremely relevant to her defenses of waiver, estoppel and laches, the question of the physician-patient privilege invoked by Michael, and contested by relator, is not reached. This obtains because the question is pretermit-

ted by the conclusion that the evidence sought by discovery is irrelevant.

With respect to relator's argument for relevance, it is to be noticed that unless excluded by some provision of law, all relevant evidence is admissible, and evidence which is not relevant is inadmissible. Tex. R.Civ.Evid. 402. Generally, a party may only obtain discovery of a matter which is relevant to a claim or defense, although it is not a ground for objection that the information sought to be discovered will be inadmissible at trial if that information appears reasonably calculated to lead to discovery of admissible evidence. Tex.R. Civ.P. 166b(2)(a).

Evidence is relevant if (1) it is material, *i.e.*, it has any relationship or pertinence, to any provable or controlling fact issue in dispute, and (2) it has probative value tending to establish the presence or absence, truth or falsity, of a fact. Tex.R.Civ.Evid. 401. Still, relevant evidence may be excluded if its probative value is substantially outweighed by certain countervailing factors. Tex.R.Civ.Evid. 403.

The defenses of waiver, estoppel and laches were interposed by bare pleadings giving no indication of their intended application to the underlying cause. Although the defenses have been applied interchangeably to some factual situations, they are different equitable defenses, each having clearly defined elements that must exist to constitute a defense. Then, if relator relies on the defenses to prevail, she will be required to establish the elements of one or more of them.

 Waiver is the intentional relinquishment of a known right or intentional conduct inconsistent with claiming it, and results as a legal consequence from some act or conduct of the party against whom it operates. Estoppel—whether intended by relator's bare pleadings to indicate an estoppel in connection with a waiver, or the formal equitable estoppel or estoppel *in pais*—arises when one is not permitted to disavow his conduct which induced another to act detrimentally in reliance upon it. *Massachusetts Bond. & Ins. Co. v. Orkin Exterm. Co.*, 416 S.W.2d 396, 401 (Tex.

1967). Laches occurs when one unreasonably delays in asserting his rights against another who in good faith has changed his position to his detriment because of the delay. *Culver v. Pickens,* 142 Tex. 87, 176 S.W.2d 167, 170–71 (1943).

■ By definition, then, waiver is a unilateral concept requiring action only by the party relinquishing a right. Estoppel and laches are bilateral concepts requiring action by both parties. Inherent in the nature of each defense is that it does not operate *in futuro.* Therefore, if Michael waived a right to the ownership of the insurance policies, or is estopped to assert it, or is barred from claiming ownership because of laches, it is because the elements of the invoked defense(s) existed at the time he filed his petition, and not because of the reason(s) that prompted him to file it.

It logically follows that the condition of Michael's health, or any motive incited thereby, is not material to, nor has probative value tending to establish a fact concerning, the elements of waiver, estoppel and laches. Relator has not suggested that discovery of the inadmissible evidence is reasonably calculated to lead to discovery of admissible evidence. Consequently, respondent was entitled to conclude that the condition of Michael's health is not relevant to the defensive issues and, therefore, is inadmissible.

Thus, it cannot be said that on this record, respondent abused his discretion by acting arbitrarily, unreasonably, or without reference to guiding rules and principles in denying relator's requested discovery. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d at 243. As a result, relator has not demonstrated a right to have respondent grant the discovery she seeks so as to be entitled to mandamus relief. *Cobra Oil & Gas Corporation v. Sadler,* 447 S.W.2d 887, 895 (Tex.1969).

Accordingly, relator's motion for leave to file her petition for writ of mandamus is overruled.