**Ethel CARTER, Appellant,**

v.

**Raphael CHARLES, Appellee.**

**No. C14–92–00330–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 1, 1993.

---

Keith M. Remels, Susan Myers, Houston, for appellant.

Stephen Lekas, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

CANNON, Justice.

This is an appeal from a summary judgment. Ethel Carter sued Raphael Charles to partition property they had come to own as tenants-in-common via a divorce property division. Charles moved for summary judgment on grounds of limitations, laches, res judicata, and collateral estoppel. The trial court granted the motion, and Carter appeals. We reverse.

On August 25, 1986, Carter and Charles were divorced. The divorce decree divided the estate of the parties including five parcels of real property:

It is ORDERED AND DECREED that the estate of the parties is divided as follows:

[Carter] is awarded the following as [her] sole and separate property, subject to any liens, debts, or charges thereon or there against; and [Charles] is divested of all right, title, interest, and claim in and to such property:

The following real property, including any escrow funds, prepaid insurance, utility deposits, keys, and title documents:

A one-half (½) interest in [four described parcels]. . . .

A one-forth (¼) interest in [a fifth parcel]. . . .

\* \* \* \* \* \*

[Charles] is awarded the following as [his] sole and separate property, subject to any liens, debts, or charges thereon or there against; and [Carter] is divested of all right, title, interest, and claim in and to such property:

The following real property, including any escrow funds, prepaid insurance, utility deposits, keys, and title documents:

A one-half (½) interest in [the same four described parcels]. . . .

A one-forth (¼) interest in [the same fifth parcel]. . . .

The remaining one-half (½) interest in the fifth parcel was owned by Carter's sister.

On June 22, 1988, Carter filed a Motion for Clarification of Prior Order ("Motion for Clarification") complaining that the divorce decree erroneously awarded Charles a one-half interest in one of the parcels that was her separate property. She also requested the court to issue a clarifying order to specify:

1. The disposition of the properties awarded in the Final Decree of Divorce, whether by sale, rental or otherwise;

2. The collection and distribution of any rental income or sale proceeds of the properties;

3. The allocation between the parties of the payment of taxes, maintenance, insurance, and necessary repairs for the properties.

[Carter] prays that the Court order specific dates, times, procedures and places of performance of such obligations.

On April 3, 1991, Carter's Motion for Clarification was dismissed for want of prosecution.

On August 15, 1991, Carter filed a Motion for Enforcement and Clarification of Prior Order or, in the Alternative, Petition for Partition in Kind or by Sale and Request for Accounting between Tenants in Common ("Motion for Enforcement or Partition"). The motion reads in pertinent part:

ENFORCEMENT/CLARIFICATION

[Carter] requests the Court to determine:

1) which party, if either of them, is awarded the exclusive use, possession or control of the properties;

2) which party, if either of them, is required to pay liabilities associated with

the properties, including mortgages, taxes, insurance, maintenance, and repairs;

3) what accounting, if any, shall be required of the parties with regard to the use and control of the properties;

4) to require each party to comply with the transfers of the parties to effectuate the division in the divorce decree; and

5) to provide for other requirements regarding potential liabilities between the parties and specifying with particularity the time within which compliance will be required.

\* \* \* \* \* \*

PARTITION IN KIND OR BY SALE AND AN ACCOUNTING BETWEEN TENANTS–IN–COMMON

In the alternative ... [Carter] seeks a partition of the above-described tracts of land among the co-owners in accordance with their respective interests ... and requests the Court to determine the current fair market value.

Carter also requested various offsets and contributions for herself and on behalf of her sister. She prayed the court to enter a decree as follows:

1. Granting the Motion for Enforcement and Clarification of Prior Order.

2. Determining the share of each of the joint owners of the property described above.

3. Determining that such property is susceptible to partition and directing partition in accordance with the respective shares of the parties.

4. Directing the issuance of a writ of partition.

5. Ordering an accounting by [Charles] of moneys disbursed for the enhancement, maintenance, and insurance of the properties, together with rents owed or paid.

6. Awarding attorneys' fees, recovery of costs, interest and other such relief as to which [Carter] may be justly entitled.

Charles filed a Motion for Summary Judgment based on affirmative defenses of limitations, laches, res judicata, and collateral estoppel. On December 11, 1991, the trial court granted the motion. Carter appeals.

In one point of error, Carter complains that the trial court erred in granting Charles' motion for summary judgment.

■ To win a summary judgment, Charles must show that there are no issues of material fact and that he is entitled to judgment as a matter of law. *Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 491 (Tex.1988). In deciding whether there are any disputed material fact issues precluding summary judgment, we will take evidence favorable to Carter as true. *Id.* We will indulge every reasonable inference and resolve any doubts in her favor. *Id.*

■ We employ a two-step analysis. First, we ask whether Charles' summary judgment motion and proof establishes facts and correctly applies the law to those facts to establish his entitlement to judgment as a matter of law. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). If the answer is no, our inquiry ends, and we reverse the judgment. If yes, we then ask whether Carter's responsive summary judgment proof raises any genuine issues of material fact precluding summary judgment. *See id.*

■ Charles based his motion for summary judgment on four grounds—limitations, laches, res judicata, and collateral estoppel. Since the trial court's order did not state the basis for the summary judgment, we will uphold the judgment on any valid ground urged by Charles' summary judgment motion and supported by the summary judgment proof. *Wavell v. Roberts*, 818 S.W.2d 462, 464 (Tex.App.—Corpus Christi 1991, writ denied).

■ In his motion for summary judgment, Charles claims that Carter's suit is barred by § 3.90 of the Texas Family Code which provides in pertinent part:

Section 3.90. Procedure of Division of Certain Property not Divided on Divorce or Annulment

(a) Property *not divided or awarded* to a spouse in a final decree of divorce or annulment may be divided in a suit under this subchapter....

(b) The suit may be brought by either former spouse.

(c) The suit must be filed before *two years* after the date on which a former spouse *unequivocally repudiates* the existence of the ownership interest of (sic) and *communicates* that repudiation to the other spouse....

Tex.Fam.Code Ann. § 3.90 (Vernon 1993) (emphasis added).

For this statute to apply, Charles must show that (1) the property sued upon was not divided or awarded in a final decree of divorce, (2) Charles repudiated Carter's ownership interest in the property, (3) Charles' repudiation was unequivocal, and (4) that unequivocal repudiation was communicated to Carter. *Id.*

Charles motion for summary judgment includes as exhibits (1) Carter's Motion for Enforcement or Partition, (2) Carter's previous Motion for Clarification, (3) a court notice to Carter that her Motion for Clarification was dismissed for want of prosecution, and (4) the Final Decree of Divorce. No other documents or testimonial affidavits were offered as summary judgment proof.

Charles' own proof affirmatively shows that the property at issue in Carter's suit was the same property that was divided and awarded by their divorce decree. In pertinent part, the decree reads:

It is ORDERED AND DECREED that the estate of the parties is *divided* as follows:

[Carter] is *awarded* the following as [her] sole and separate property....

[and]

[Charles] is *awarded* the following as [his] sole and separate property....

The properties described in the divorce decree are the same properties described in Carter's Motion for Enforcement or Parti-

tion. Charles has failed to show that the properties sued on by Carter were "not divided or awarded" in the final divorce decree. § 3.90 is inapplicable. *Id.* § 3.90(a).

Furthermore, even if § 3.90 did apply, there is no summary judgment proof that Charles communicated an unequivocal repudiation of Carter's ownership interest in the jointly-held property. Charles argues that Carter's filing of her Motion for Clarification in 1988 worked as a repudiation of Charles' interest in the property. Even if true, that repudiation would start the running of the § 3.90 limitations period as to a suit by Charles' against Carter, not the reverse. The discussion in both sides' briefs and oral argument reflects a misconception regarding this repudiation element. The correct interpretation is that a repudiation by Spouse A of the property interest of Spouse B starts a two-year limitations period for a suit by Spouse B against Spouse A to challenge that repudiation. *See Bankston v. Taft,* 612 S.W.2d 216, 217 (Tex.Civ.App.—Beaumont 1980, writ dism'd) and *Mooney v. Glasspool,* 602 S.W.2d 364, 366 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.).

 Still further, even if § 3.90 applied to bar an enforcement action under the Family Code, that section would not operate to bar an otherwise valid partition action under the Property Code. *See* Tex. Prop.Code Ann. § 23.001 *et seq.* (Vernon 1984).

Section 23.001. Partition

A joint owner ... of ... an interest in real property ... may compel a partition of the interest ... among the joint owners ... under this chapter and the Texas Rules of Civil Procedure.

*Id.* § 23.001.

The divorce decree awarded each party fractional interests in five parcels of real property creating tenancies-in-common. Since the decree was silent regarding rights to possession and assignment of liabilities, general property law applies. The right to partition is absolute. *Ware v. Ware,* 809 S.W.2d 569, 571 (Tex.App.—San Antonio 1991, no writ). If the property

cannot be partitioned in kind, it may be sold. *Id.*

■ The divorce decree is res judicata of any attempt to relitigate the divorce property division. *See id* at 572. Carter's Motion for Enforcement or Partition includes a request for the court to enter a decree, "Determining the share of each of the joint owners of the property described above." But this request pertains to the final share due each party after consideration of various offsets, e.g., repairs made, taxes paid, rentals received, accruing and arising since the property division. Carter does not seek to relitigate the divorce property division itself, merely to exercise her right to partition as co-owner. *See id.*

Charles did not establish a prima facie case that § 3.90 of the Family Code time-bars Carter's suit as a matter of law. We need not ask whether Carter's response to the motion for summary judgment raises fact issues. The summary judgment cannot stand on limitations grounds.

■ Charles also argues on appeal that § 3.70 of the Family Code time-bars Carter's suit. *See* TEX.FAM.CODE ANN. § 3.70 (Vernon 1993). But Charles did not raise that issue to the trial court in his motion for summary judgment, and it is waived. In any event, the § 3.70 limitations period applies to *personal* property, not real property.

■ Charles argues that Carter's suit is barred by the equitable doctrine of laches. The elements of the laches affirmative defense are (1) an unreasonable delay by a plaintiff having a legal or equitable right to sue, and (2) a good faith change of position by the defendant to his detriment. *Campbell v. Pirtle,* 790 S.W.2d 372, 375 (Tex.App.—Amarillo 1990, no writ). Charles presented no summary judgment proof of an unreasonable delay by Carter or of a good faith, detrimental change of position on his part. There being no summary judgment proof supporting laches, Charles' summary judgment cannot stand on that ground.

Charles argues that Carter's suit is barred by res judicata. He maintains that the 1991 dismissal for want of prosecution of Carter's 1988 Motion for Clarification is res judicata as to her current suit.

■ However, a dismissal for want of prosecution is not "with prejudice." *Melton v. Ryander,* 727 S.W.2d 299, 303 (Tex. App.—Dallas 1987, writ ref'd n.r.e.). It is not an adjudication of the rights of the parties but simply places the parties in the position they were in prior to filing the action. *Id.*

Charles has failed to show that Carter's suit is barred by res judicata. The summary judgment cannot stand on that ground.

■ Finally, Charles argues that Carter's suit is barred by collateral estoppel, again relying on the 1991 dismissal for want of prosecution. The elements of collateral estoppel are: (1) the fact issues sought to be precluded in a second action were fully and fairly litigated in a prior action, (2) those fact issues were essential to the judgment in the first action, and (3) the parties were adversaries in the first action. *See Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex.1984).

Again, Carter's Motion for Clarification was dismissed and never adjudicated. No fact issues were fully and fairly litigated. Charles has presented no legal basis for a collateral estoppel defense. The summary judgment cannot stand on that ground.

■ Charles argues that he is entitled to summary judgment because Carter did not raise a fact issue on each element of each of his affirmative defenses. Charles misplaces the burden of proof. When a defendant moves for summary judgment asserting an affirmative defense, he has the burden to establish each element of that defense as a matter of law. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). The plaintiff non-movant need only raise a fact issue on one element of the affirmative defense to force a trial on the merits. Of course, the plaintiff non-movant has no burden to respond at all when the defendant movant has not established a prima facie affirmative defense. *Torres v. Western Casualty & Surety Co.,*

457 S.W.2d 50, 52 (Tex.1970). Such is the case here.

Charles has not proved as a matter of law any affirmative defense that would preclude Carter's suit. Charles has not shown that Carter is barred from bringing either an enforcement action on the divorce decree or a separate partition action. Carter has not otherwise demonstrated as a matter of law that Carter is not entitled to a trial on the merits. The trial court erred in granting Charles' motion for summary judgment, and we sustain Carter's point of error.

We reverse the judgment and remand the cause.