**Martha Jane WALTON, Appellant,**

v.

**Jack Vernon JOHNSON, Appellee.**

No. 12–92–00297–CV.

Court of Appeals of Texas,
Tyler.

June 23, 1994.

Rehearing Denied July 28, 1994.

Kenneth R. Barron, Tyler, for appellant.

Samuel M. George, Tyler, for appellee.

Before RAMEY, C.J., and BILL BASS and HOLCOMB, JJ.

RAMEY, Chief Justice.

This is an appeal from a summary judgment. Appellee Jack Vernon Johnson ("Johnson") brought this action against his ex-wife, Appellant Martha Jane Walton ("Walton"), to divide certain properties not specifically divided in the divorce decree terminating their marriage. After considering motions for summary judgment filed by both parties, the trial court found the contested bank accounts to have been community property and divided them; the remaining contested property, certain oil and gas interests, were found to have been the separate property of Walton. We will reverse the summary judgment with respect to the bank accounts, remanding such claims for further proceedings, and will affirm it with respect to the oil and gas properties.

Johnson and Walton were married in 1966. In 1990, Walton filed for divorce, and, on June 5, 1990, the trial court entered a decree of divorce. At the time of such decree, Walton owned, in her own name, the following:

1) Money on account at financial institutions ("the bank accounts"),[1] and

2) Five oil and gas interests (the "mineral estates").

These disputed properties were nowhere mentioned in the original divorce proceedings, nor in the divorce decree entered June 5, 1990.

The present action for post-divorce partition of these properties was filed by Johnson on October 15, 1990 as authorized by TEX. FAM.CODE ANN. § 3.90 (Vernon 1875). Walton answered that these properties were inherited from her father, and thus were her separate property, not subject to division on divorce. After discovery, both parties filed motions for summary judgment. The trial court resolved the whole action by summary judgment, dividing the bank accounts evenly between the parties and awarding the mineral estates entirely to Walton. Walton filed the present appeal, complaining of the division of the bank accounts only, and Johnson cross-appealed, assigning error in the trial court's failure to partition the subject mineral interests.

Walton brings two points of error with respect to the judgment dividing the bank accounts, arguing that Johnson failed to prove the elements of his cause of action as a matter of law and that he failed to establish the absence of a material factual dispute.

In evaluating a summary judgment motion an appellate court must, first, determine whether the summary judgment motion and supporting proof establish the necessary facts and apply the relevant law so as to entitle the movant to judgment as a matter of law. *Carter v. Charles*, 853 S.W.2d 667, 670 (Tex.App.—Houston [14th Dist.] 1993, no writ). If the motion and supporting evidence make the requisite showing, the judgment can then be upheld only if the non-movant's response fails to raise a genuine issue of material fact precluding the summary judgment. *Ibid.*

Johnson's motion for summary judgment rests entirely on the doctrines of res judicata and collateral estoppel. He asserts that the original decree of divorce characterized all the parties' property at that time as community property, and that the equal division of such property made in the divorce decree should, by virtue of the presumption in favor of community property, preclude Walton from asserting its separate character here.

Collateral estoppel, or issue preclusion, bars the re-litigation of factual issues when

---

1. Specifically, a) Certificate of Deposit No. 120604516–9, at Pacific Southwest Bank, F.S.B., Marshall, Texas, in an original principal amount of $100,000.00, b) Account No. 7000522321, at Bank One, Longview, Texas, in a principal amount of $234.25, c) Account No. 5814306 at Team Bank, Tyler, Texas, in a principal amount of $1,021.69, d) Certificate of Deposit no. 1220000990, at Kilgore Federal Savings, Kilgore, Texas, in an original principal amount of $5,000.000, and e) Certificate of Deposit no. 3220–55935–9, at Bright Bank, Longview, Texas, in an original principal amount of $25,000.00. At the time of the judgment under review here the money identified in (e) was evidenced by Certificate of Deposit no. 5000113003, at Banc One, Longview, Texas.

1) the relevant contested facts were fully and fairly litigated in the prior action,

2) such facts were essential to the judgment in the first action, and

3) the parties were adversaries in the first action.

*El Paso Natural Gas Co. v. Berryman,* 858 S.W.2d 362, 364 (Tex.1993). Collateral estoppel is not applicable here because the status of the disputed properties was never litigated in the divorce proceedings and was not essential to the judgment in the first action.

■■■ Res judicata, or claim preclusion, is a broader, judicially-determined plea, barring the retrial of claims pertaining to a cause of action which has been finally adjudicated. *Coalition of Cities v. PUC,* 798 S.W.2d 560, 562–63 (Tex.1990). It has traditionally operated to preclude the assertion of claims when, in the second suit, there is an identity of parties, issues, subject matter, relief sought, and causes of action with respect to the prior action. *Wright v. Wright,* 710 S.W.2d 162, 164 (Tex.App.—San Antonio 1986, writ ref'd, n.r.e.). The preclusive effect of res judicata is broader than that of collateral estoppel because the prior judgment bars not only the assertion of claims explicitly litigated in the prior suit, but also claims arising out of the same subject matter which could have been litigated in the first suit. *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 630 (Tex.1992).

■■ Despite this wider applicability of the doctrine of res judicata, it does not apply to this action, since the issues and subject matter of this action, and the issues and subject matter considered by the divorce court, are not identical. A court, upon the dissolution of a marriage, is authorized to divide the "estate of the parties." Section 3.63, TEX. FAM.CODE ANN. The "estate" which the court is authorized to divide is the community estate; the court may not divide separately-owned property or transfer title of such property from one spouse to the other. *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137 (Tex. 1977). This restriction applies to personal as well as to real property. *Cameron v. Cameron,* 641 S.W.2d 210, 213 (Tex.1982). Walton's separate property was not included in the community estate presented to the divorce court for division; the subject matter of the claims made here is entirely distinct from and independent of the subject matter disputed in the divorce. *Johnson* is correct in asserting that the claims involved here might have been raised in the divorce action. But the application of res judicata requires more, that claims that could have been raised must also have arisen out of the same subject matter. *Barr v. Resolution Trust Co.,* 837 S.W.2d at 630–31. The doctrine of res judicata is therefore inapplicable.[2]

■■ More importantly, Johnson's position—that Walton's prior failure to establish that the disputed properties were her separate property requires now that they be adjudged community property—would impermissibly effect the divestiture of Walton's separate property, in violation of the prohibition in the TEXAS CONSTITUTION against depriving a citizen of her property "except by the due course of the law of the land." TEX. CONST. art. I, § 19. The *Eggemeyer* case makes quite clear that one's right to own property, including one's separate property, is "fundamental, natural, inherent, inalienable, not derived from the legislature and as preexisting even constitutions." *Eggemeyer,* 554 S.W.2d at 140. Johnson's proposed application of the doctrine of res judicata would

**2.** Johnson argues that the legislative presumption that property owned during the time of the dissolution of the marriage is community property sufficiently established the character of the property during the divorce proceeding, since Walton had the burden to rebut such presumption in the divorce court, with clear and convincing evidence. But surely the legislative presumption and standard of proof apply only to the determination of claims actually before the court. Here

Johnson and Walton's conflicting claims to this property were never raised in the divorce court, and no presumption can apply to a claim never asserted. Neither can Walton be faulted for failure to establish an issue by clear and convincing evidence when the issue itself was never raised. Mere evidentiary presumptions and standards cannot create rights in the absence of a concrete claim to which they might apply.

deprive Walton of part of her separate property without notice of such claim or a hearing on the merits, the touchstones of "due course of law." *See Nelson v. Clements*, 831 S.W.2d 587, 591 (Tex.App.—Austin 1992, writ denied).

Second, the separate character of property acquired during marriage by "gift, devise, or descent" is constitutional in nature. TEX. CONST. art. XVI, § 15. "The nature of property is fixed by the Texas Constitution, and not by what is 'just and right'." *Eggemeyer*, 554 S.W.2d at 140. The legislature has no power to add to, or subtract from, the exclusive constitutional modes of creating separate property, and any attempt by the legislature to do so is unconstitutional and void. *Williams v. McKnight*, 402 S.W.2d 505, 508 (Tex.1966). A judicial divestiture of one-half of Walton's claimed separate property which then becomes Johnson's separate property creates separate property by a means not embraced within the constitutional sources of separate property. *Eggemeyer*, 554 S.W.2d at 140. We sustain Walton's first and second points of error attacking the summary judgment dividing such accounts. Because we hold that the summary judgment was improper, we also sustain Walton's derivative fourth point of error complaining of the grant of attorney's fees to Johnson. Our overruling of such point is, without prejudice to any later ruling by the trial court on the appropriateness of attorney's fees on final disposition of this cause on remand.

Walton's third point of error asserts that the trial court erred in not granting her motion for summary judgment with respect to the bank accounts. Part of her argument is based on the doctrine of res judicata, that the divorce court's decree leaving title to the accounts in her name precludes Johnson's claim. For the reasons discussed above we hold that the divorce decree did not exercise any preclusive effect on this particular issue.

But Walton also argues that she was entitled to summary judgment on her right to the bank accounts because she conclusively established that Johnson had no right in them. Acknowledging that property in the possession of a married couple at the time of a divorce is presumed to be community property, Walton asserts that her affidavits, showing that such accounts were part of her inheritance from her father, overcame such presumption, and that Johnson's failure to offer any evidence of any other source or explanation for her ownership of such funds established his lack of right to them.

A party attempting to overcome the presumption that property owned at divorce is community property must establish that the property is separate by clear and convincing evidence. Section 5.02, TEX.FAM. CODE ANN. We note two deficiencies in Walton's proof with respect to the bank accounts. First, Walton's assertions that the funds in the bank accounts were in fact part of the proceeds from her inheritance are not sufficiently supported under the "clear and convincing" standard:

> In order to rebut the community property presumption, the party claiming separate property must trace and identify the property claimed as separate property by clear and convincing evidence. Tracing involves establishing the separate origin of the property through evidence showing the time and means by which the spouse originally obtained possession of the property. Separate property will retain its character through a series of exchanges so long as the party asserting separate ownership can overcome the presumption of community property by tracing the assets on hand during the marriage back to property that, because of its time and manner of acquisition, is separate in character.

*Celso v. Celso*, 864 S.W.2d 652, 654 (Tex. App.—Tyler 1993, no writ) (citations omitted). Walton's affidavit states that she and three siblings inherited some $400,000.00 from their father, and that the disputed bank accounts contained only the proceeds from such estate. But Walton's summary judgment evidence fails to trace such proceeds from her father's estate to their present ac-

counts, and there is no accounting for the discrepancy between the amounts shown in the documents relating to the estate and the principal amounts appearing in the various accounts in the summary judgment evidence.

Second, there is some evidence in the record of commingling in at least one account. We hold that Walton did not make a sufficient showing to establish that these accounts were her separate property as a matter of law. Her third point of error is therefore overruled.

█ Johnson brings one cross-point of error, complaining that the trial court erred in confirming the mineral estates as Walton's separate property. The summary judgment evidence establishes that certain mineral interests identified in the judgment were inherited by Walton from her father. Unlike the evidence presented with respect to the bank accounts, the summary judgment evidence shows, without any genuine dispute, that the specific properties owned at the time of the divorce were traced to the original devise of such properties to Walton by her father. The separate character of the property was established by the supporting proof so as to entitle Walton to judgment as a matter of law, and Johnson failed to raise a genuine issue of material fact precluding summary judgment. Johnson's argument on this point duplicates his argument resting on the doctrine of res judicata. In conformity with our discussion of this point above, we hold that the inaction of the divorce court with respect to these properties has no preclusive effect here. We overrule Johnson's sole cross-point.

The judgment of the court below is affirmed with respect to that portion of the judgment addressing the mineral estate; it is reversed as to that portion of the judgment dividing the contents of the bank accounts and awarding attorneys fees. Those issues are remanded to the trial court for further proceedings not inconsistent with this opinion.