Royce Lourene PHILLIPS, Appellant,

v.

Clarence Ervin PHILLIPS, Jr., Appellee.

No. 10–96–269–CV.

Court of Appeals of Texas,
Waco.

Sept. 10, 1997.

James E. Cummins, Corsicana, for appellant.

Barbara Moe, Dawson, Sodd, Moe, Jacobson & Beard, for appellee.

Before CUMMINGS and VANCE, JJ.,
and JOHN A. JAMES, J. (Retired).

## OPINION

JOHN A. JAMES, JR. Justice (Retired)

Plaintiff–Appellant Royce Lourene Phillips is the former wife of Defendant–Appellee Clarence Ervin Phillips, Jr. She brought this suit against her former husband seeking partition of the proceeds from the 1990 wheat and grain-sorghum crops, asserting that since the court did not divide these crops in the divorce judgment, that she and Mr. Phillips owned the proceeds from these crops as tenants-in-common.

Defendant Mr. Phillips moved for summary judgment, whereupon the trial court granted a summary judgment in favor of Defendant to the effect that Mrs. Phillips take nothing. The trial court's judgment did not state the basis upon which said judgment was rendered.

Mrs. Phillips appealed upon three points of error, and after she had perfected her appeal, she died intestate on November 13, 1996, and this appeal continues pursuant to Rule 9 of the Texas Rules of Appellate Procedure.

Appellant Mrs. Phillips comes to this court on three points of error, all of which assert the trial court erred in granting Appellee's Motion for Summary Judgment for the following reasons:

(1) Because the evidence shows genuine fact issues exist as to whether or not the

cause was barred by the two-year statute of limitations pursuant to Sec. 3.90 of the Texas Family Code.

(2) Because under Texas law, Appellant pled and was entitled to maintain her cause of action pursuant to Sec. 23.001 of the Texas Property Code.

(3) The trial court erred if the basis for such judgment was that the wheat and grain-sorghum corps were not community property in existence at the time the divorce was granted.

We sustain Appellant's points of error one and two and accordingly reverse the trial court's judgment and remand the cause to the trial court for trial on the merits.

▮ We revert to Appellant's first point of error wherein she contends the evidence shows genuine fact issues exist as to whether or not this case was barred by the two-year statute of limitations pursuant to Sec. 3.90 of the Texas Family Code.

Section 3.90 in its pertinent parts provides as follows:

Procedure for Division of Certain Property not divided on Divorce or Annulment.

(a) Property not divided or awarded to a spouse in a final decree of divorce or annulment may be divided in a suit under this subchapter....

(b) The suit may be brought by either former spouse.

(c) The suit must be filed before two years after the date on which a former spouse unequivocally repudiates the existence of the ownership interest of and communicates that repudiation to the other spouse....

The parties were divorced by judgment of the District Court of Navarro County, Texas, effective May 8, 1990, in which judgment the court purported to make a division of the community property belonging to the parties; however, the judgment did not mention nor divide community rights in the 1989–1990 wheat crop or the 1990 grain-sorghum crop.

Mr. Phillips states in his affidavit attached to his Motion for Summary Judgment that the 1989–1990 wheat crop was planted with community funds in the fall of 1989 (prior to the divorce judgment).

In the same affidavit Mr. Phillips stated that he did not begin seed-bed preparation for the 1990 grain-sorghum crop until May 15, 1990, and that the grain-sorghum crop was not planted until May 21 through May 27, 1990. However, he certified in his Application for Disaster Credit to the United States Department of Agriculture that he disked the land twice and planted the grain crop in April 1990 (prior to the divorce judgment).

Accordingly, on May 8, 1990, the date the divorce decree was effective, both the wheat and grain-sorghum crops were in existence and were community assets which were not divided in the divorce judgment.

Mrs. Phillips filed her original petition to partition the net proceeds from the 1989–1990 wheat crop and the 1990 grain-sorghum crop on April 14, 1994, pursuant to Sec. 3.90 of the Texas Family Code and Sec. 23.001 of the Texas Property Code.

Appellee Mr. Phillips, in his Motion for Summary Judgment, contended that the suit was barred by the two-year statute of limitations provided for in Sec. 3.90 of the Texas Family Code by reason of the fact (he asserts) that he had unequivocally repudiated Mrs. Phillips's claim for partition of the wheat and grain-sorghum crops more than two years prior to the date Appellant Mrs. Phillips filed suit. Mr. Phillips made summary judgment proof claiming the repudiation occurred on September 24, 1990. Mrs. Phillips originally filed suit on April 14, 1994.

There is a lot of summary judgment proof in the record presented by Mrs. Phillips to the effect that the unequivocal repudiation in question was not made by Mr. Phillips until January 26, 1993. In essence, her proof in this regard is as follows:

She said she learned of certain payments Mr. Phillips had received on the wheat and grain-sorghum crops and confronted him about the payments on September 25, 1990, and that he stated he was not going to pay her anything until his lawyer, Rob Dunn, said he had to; that they tried several times unsuccessfully to reach Rob Dunn by telephone; that Mr. Phillips suggested that they call James E. Cummins (another attorney); that Mr. Cummins told Mr. Phillips that Mrs. Phillips was entitled to one-half of the payments; that shortly afterward they reached Rob Dunn who also told Mr. Phillips that Mrs. Phillips was entitled to one-half of the payments; that Mr. Phillips claimed that he

had received only $5,000 in payments; whereupon, after talking to Rob Dunn, Mr. Phillips wrote a check for $2,500 to Mrs. Phillips to pay her for her one-half interest of the payments which he said he had received.

In further response to Mr. Phillips's Motion for Summary Judgment, Mrs. Phillips made a second controverting affidavit in which she outlines how she later learned that Mr. Phillips had received a much greater amount of crop insurance and Federal Disaster Funds for the 1990 wheat and grain-sorghum crops than the $5,000 that Appellee Mr. Phillips claimed he had received.

In this second controverting affidavit, she sets forth five additional dates in which she confronted Mr. Phillips about the additional money that he had received on the crops, and how each time, except one, Mr. Phillips promised her he would "get back to her" about the matter. The one exception occurred on October 29, 1992, on which day she says he came to her and offered her $2,000 in final settlement of all her claims for the crop insurance and disaster payments, which sum she refused to accept.

She further swears that it was not until January 26, 1993, that Mr. Phillips told her he was not going to pay her and there was nothing she could do about it.

The controverting affidavits in the record with regard to the date on which Mr. Phillips unequivocally revoked the claims of Mrs. Phillips with reference to the crop insurance and disaster payments on the crops in question, clearly creates a genuine fact issue of a material fact, precluding summary judgment.

The duty of the court hearing the motion for summary judgment is to determine if there are any issues of fact to be tried, and not to weigh the evidence or determine its credibility, and thus try the case on the affidavits. TEX.R. CIVIL PROC. 166–A; *Wylie v. Reed*, 579 S.W.2d 329 (Tex.Civ.App.—Waco 1979), *affirmed* 597 S.W.2d 743.

In the case at bar, not only is a fact issue raised regarding whether or not Mr. Phillips repudiated Mrs. Phillips's claims on September 25, 1990, but also whether such a repudiation, if made on that date, was unequivocal in view of the later negotiations and settlement offer. Appellant's first point of error is sustained.

■ Appellant's second point of error asserts the trial court erred in granting Appellee's Motion for Summary Judgment because, under Texas law, Appellant pled and was entitled to maintain her cause of action pursuant to Sec. 23.001 of the Texas Property Code. We agree.

When Appellant and Appellee were divorced, the division of property set out in the divorce decree did not make any reference to a division of the 1990 wheat and grain-sorghum crops. Appellant Mrs. Phillips filed the instant suit for partition on April 14, 1994, seeking partition under both Sec. 3.90 of the Texas Family Code and Sec. 23.001 of the Texas Property Code.

Section 23.001 provides as follows:
Partition.

A joint owner or claimant of real property or an interest in real property or a joint owner of personal property may compel a partition of the interest or the property among the joint owners or claimants under this chapter and the Texas Rules of Civil Procedure.

■ It is well settled that where, as in the case at bar, a divorce decree fails to provide for a division of community property, the husband and wife become tenants-in-common or joint owners thereof. *Busby v. Busby*, 457 S.W.2d 551, 554 (Tex.1970); *Taylor v. Catalon*, 140 Tex. 38, 166 S.W.2d 102 (Tex. 1942). Since this property was not partitioned at the time of the divorce, the judgment entered in the divorce suit did not preclude Mrs. Phillips from seeking a partition of the undivided community property sought to be now partitioned. *Busby v. Busby, supra.*

■ Even if Sec. 3.90 of the Family Code applied to bar an enforcement action under the Family Code, that section would not operate to bar an otherwise valid partition under the Property Code. *See Carter v. Charles*, 853 S.W.2d 667, 671 (Tex.App.—Houston [14th Dist.] 1993, no writ). The *right to partition is absolute.* TEX. PROP. CODE § 23.001; *Ware v. Ware*, 809 S.W.2d 569, 571 (Tex.App.—San Antonio 1991, no writ).

Summary judgment proof offered by Mrs. Phillips shows that the following payments were made to Mr. Phillips relative to the 1990 wheat crop and the 1990 grain-sorghum crop:

1.  From the Agricultural Stahlization and Conservation Service:

    A.  Disaster Funds—1990 Wheat Crop     $11,983.81
    B.  Disaster Funds—1990 Grain-sorghum Crop     469.33
        TOTAL     $12,453.14

2.  From the Federal Crop Insurance Corporation

    A.  Crop Insurance—1990 Wheat Crop     $21,746.00
    B.  Crop Insurance—1990 Grain-sorghum Crop     11,329.10
        TOTAL     $33,075.10

3.  Total of Disaster and Crop Insurance Payments     $45,528.24

---

We sustain Appellant's second point of error.

The judgment of the trial court is reversed and remanded to the trial court for trial on the merits.

VANCE, Justice, concurring.

Although I agree with the majority's conclusion, I differ in the analysis. I agree with the disposition of point one, disagree about point two, and believe point of error three should also be sustained.

Section 3.90 of the Texas Family Code governs the division of property which was not divided on divorce. I agree that the evidence shows genuine fact issues exist as to whether this case is barred by the two-year statute of limitations under Sec. 3.90. The controverting affidavits in the record with regard to the date on which Mr. Phillips unequivocally revoked Mrs. Phillips' claim with reference to the crop insurance and disaster payments creates a fact issue, precluding summary judgment. I would sustain point one.

When an order granting a summary judgment does not specify the ground or grounds relied on, the summary judgment will be affirmed if any of the theories advanced are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989). The nonmoving party on appeal must negate any grounds on which the trial court could have granted the order. *State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex.1993); *Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970). As such, it is necessary that Mrs. Phillips negate all possible grounds for summary judgment. In point three, she urges that if the trial court granted summary judgment on the basis that the assets were not in existence at the time of divorce, it was error. As the majority agrees, the evidence conclusively shows that both the wheat and grain-sorghum crops were in existence and were community assets that were not divided at the time of divorce. I would sustain point three.

After sustaining points one and three, we need not address point of error two. However, if I were to consider whether Mrs. Phillips could maintain her cause of action under the Property Code, I would reject the assertion. In holding that a suit for partition can be brought alternatively under either the Family Code or the Property Code, the majority relies on *Carter v. Charles*, 853 S.W.2d 667 (Tex.App.—Houston [14th Dist.] 1993, no writ). To the extent *Carter* approves of alternative actions under the Family Code and the Property Code, I disagree. The divorce decree in *Carter* awarded each party fractional interests in parcels of real property, creating a tenancy-in-common. Section 3.90 of the Family Code applies only to property that is not divided or awarded in a final decree of divorce, so it was clearly inapplicable. Although, as in *Carter*, section 23.001 of the Property Code is applicable to most tenancies-in-common, it does not apply in this case. I say this because I believe that the legislature intended that the Family Code provide the exclusive remedy in situations where community property was not divided on divorce. Section 23.001 should not be held to be an alternative method of bringing such a cause of action. Thus, I disagree with the disposition of point two.

I would reverse the judgment on points of error one and three and remand the cause for trial on the merits.