**William Robert SINK, Appellant,**

v.

**Yolanda Martinez SINK, Appellee.**

**No. 05–10–00144–CV.**

Court of Appeals of Texas, Dallas.

March 14, 2012.

Rehearing Overruled May 9, 2012.

James Nygaard, James Nygaard, Attorney at Law, McKinney, TX, for Appellant.

Richard Robertson, Koons, Fuller, Vanden Eykel & Robertson, Plano, TX, Rebecca Ann Tillery, Jessica Janicek, KoonsFuller, P.C., Dallas, TX, for Appellee.

Before Justices FITZGERALD, MARTIN RICHTER, and LANG–MIERS.

## OPINION

Opinion By Justice MARTIN RICHTER.

Appellant William Robert Sink (Husband) appeals from a final decree of divorce. Husband challenges the denial of his separate property claims and the division of all assets and liabilities of the parties as community property. In ten issues, Husband complains the trial court abused its discretion by characterizing his separate property as community property, excluding his expert, and erroneously calculating the amount of the childrens' health insurance premium to be paid by Yolanda Martinez Sink (Wife). We resolve Husband's issues against him and affirm the final decree of divorce.

## I. FACTUAL AND PROCEDURAL BACKGROUND

William and Yolanda Sink were married on December 31, 1999. The couple have two children. On June 30, 2008, Wife filed for divorce alleging irreconcilable differences between the parties. On July 21, 2008, Husband filed an answer and counter-petition for divorce. Wife subsequently filed an amended petition asking for a disproportionate division of the community estate. The trial court entered temporary orders that each party could withdraw

$9,000 per month from a community account to pay their respective monthly living expenses.

The trial was held on September 8, 9, and 10, 2009. At trial, Husband offered extensive documentation summarizing various financial accounts. He also called Kenneth Sibley as an expert to trace his separate property. Sibley's expertise was challenged and the trial court did not allow him to testify regarding Husband's separate property.

At the close of the trial, the trial court granted the parties' divorce, rendered its decision on the issues pertaining to the children of the marriage, and took under advisement the issues pertaining to the division of property. In a memorandum dated October 16, 2009, the trial court informed the parties of its decision regarding the division of property, dividing most of the assets and liabilities of the parties as community property. The trial court signed a final decree of divorce on November 3, 2009.

No findings of fact or conclusions of law were requested or filed. On December 1, 2009, Husband filed a motion for new trial in which he advised the trial court that he had requested and paid for a copy of the trial transcript and intended to file an amended motion for new trial regarding the division of property and debts once he received the transcript. The record does not contain an amended motion for new trial. Husband's motion for new trial was overruled by operation of law and this appeal followed.

## II. ISSUES ON APPEAL

In his first, second, third, fourth, fifth, sixth, seventh, and tenth issues, Husband asserts the trial court exceeded its authority and abused its discretion in mischaracterizing his separate property as community property and divesting him of his separate property. In his eighth issue, Husband contends the trial court erred in excluding his designated expert. In his ninth issue, Husband argues that Wife should have been ordered to pay more of the childrens' health insurance monthly premium, thus entitling him to reimbursement.

## A. MISCHARACTERIZATION OF PROPERTY

### Standard of Review

■■■ When reviewing an alleged property characterization error, we must determine whether the trial court's finding is supported by clear and convincing evidence and whether the characterization error, if established, was an abuse of discretion. *Magness v. Magness*, 241 S.W.3d 910, 912 (Tex.App.-Dallas 2007, pet. denied). "A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or when it acts without reference to any guiding principles." *Id.*, citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). We must indulge every reasonable presumption in favor of the trial court's proper exercise of its discretion in dividing marital property. *See Chavez v. Chavez*, 269 S.W.3d 763, 766 (Tex.App.-Dallas 2008, no pet.); *Boyd v. Boyd*, 131 S.W.3d 605, 610 (Tex.App.-Fort Worth 2004, no pet.). We will reverse the ruling of the trial court only if the record demonstrates that the trial court clearly abused its discretion, and the error materially affected the just and right division of the community estate. *Chavez*, 269 S.W.3d at 766.

■■■ In a non-jury trial, where no findings of fact or conclusions of law are filed or requested, we must presume that the trial court made all the necessary findings to support its judgment. *Boyd*, 131 S.W.3d at 611. Consequently, if the trial court's implied findings are supported by

the evidence, we must uphold its judgment on any theory of law applicable to the case. *Id.* In family law cases, the traditional sufficiency standard of review overlaps with the abuse of discretion standard of review; therefore, legal and factual insufficiency are not independent grounds of error but are relevant factors in our assessment of whether the trial court abused its discretion. *See Chavez*, 269 S.W.3d at 766; *see also Boyd*, 131 S.W.3d at 611.

■ When the burden of proof at trial is by clear and convincing evidence, we apply a higher standard of legal and factual sufficiency review. *See Chavez*, 269 S.W.3d at 766; *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex.App.-Dallas 2005, pet. denied); *Boyd*, 131 S.W.3d at 611. Clear and convincing evidence is defined as that "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM.CODE ANN. § 101.007 (West 2008); *Prague v. Prague*, 190 S.W.3d 31, 36 (Tex.App.-Dallas 2005, pet. denied); *Boyd*, 131 S.W.3d at 612. In reviewing the evidence for legal sufficiency, we look at all the evidence, in the light most favorable to the judgment, to determine if the trier of fact could reasonably have formed a firm belief or conviction that its finding was true. *See Moroch*, 174 S.W.3d at 858. We must assume that the fact finder resolved disputed facts in favor of its finding if a reasonable fact finder could do so. *Id.* In reviewing the evidence for factual sufficiency, we must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing and then determine whether, based on the record, a fact finder could reasonably form a firm conviction or belief that the allegations in the petition were proven. *Chavez*, 269 S.W.3d at 766; *Boyd*, 131 S.W.3d at 611.

### Community Property Presumption

■ Under Texas law, property possessed by either spouse during or on dissolution of the marriage is presumed to be community property, and a party who seeks to assert the separate character of property must prove that character by clear and convincing evidence. *See Boyd*, 131 S.W.3d at 612; *see also* TEX. FAM.CODE ANN. § 3.003 (West 2006). The characterization of property as community or separate is determined by the inception of title to the property, i.e., when a party first has a right of claim to the property by virtue of which title is finally vested. *See Chavez*, 269 S.W.3d at 767; *Boyd*, 131 S.W.3d at 612; *see also* TEX. FAM.CODE ANN. § 3.404(a) (West Supp.2011). Separate property includes property "owned or claimed by the spouse before marriage." TEX. FAM.CODE ANN. § 3.001(1) (West 2006). "Community property consists of the property, other than separate property, acquired by either spouse during marriage." *Id.* § 3.002. In order to overcome the community property presumption, the burden is on the spouse claiming certain property as separate to trace and clearly identify the property claimed to be separate. *Granger v. Granger*, 236 S.W.3d 852, 856 (Tex.App.-Tyler 2007, pet. denied) (citing *Boyd*, 131 S.W.3d at 612). The burden of tracing is a difficult, but not impossible, burden to sustain. *Moroch*, 174 S.W.3d at 856; *Boyd*, 131 S.W.3d at 612. Tracing involves establishing the separate origin of the property through evidence showing the time and means by which the spouse originally obtained possession of the property. *Chavez*, 269 S.W.3d at 767; *Granger*, 236 S.W.3d at 856; *Boyd*, 131 S.W.3d at 612. Separate property will retain its character through a series of exchanges so long as the party asserting separate ownership can overcome the presumption of community property by tracing the assets on

hand during the marriage back to property that, because of its time and manner of acquisition, is separate in character. *Boyd*, 131 S.W.3d at 612. Mere testimony that property was purchased with separate property funds, without tracing the funds, is generally insufficient to rebut the community property presumption. *Chavez*, 269 S.W.3d at 767; *Boyd*, 131 S.W.3d at 612. Any doubt as to the character of property should be resolved in favor of the community estate. *Chavez*, 269 S.W.3d at 767; *Moroch*, 174 S.W.3d at 856.

### Adequacy of Briefing

 We consider Husband's first, second, third, fourth, fifth, sixth, seventh, and tenth issues together because for each issue, Husband: (1) asserts an alleged property characterization error, (2) repeats an identical argument, (3) cites to the same legal authority without analyzing how such case law applies to the underlying facts with respect to that issue, (4) makes the conclusory statement that he traced his separate property, (5) cites generally to voluminous exhibits in the record or in the appendix of his appellate brief, and (6) concludes the trial court abused its discretion by mischaracterizing his separate property as community property. The law is well established that to present an issue to this Court, a party's brief shall contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX.R.APP. P. 38.1; *Capstone Healthcare Equipment Servs., Inc. v. Quality Home Health Care, Inc.*, 295 S.W.3d 696, 698 (Tex.App.-Dallas 2009, pet. denied); *Burke v. Ins. Auto Auctions Corp.*, 169 S.W.3d 771, 775 (Tex.App.-Dallas 2005, pet. denied). Bare assertions of error, without argument or authority, waive error. *Cap-*

*stone Healthcare*, 295 S.W.3d at 699. Further, an appellate court cannot consider documents that are cited in the brief and attached as appendices if they are not formally included in the record on appeal. *See Cantu v. Horany*, 195 S.W.3d 867, 870 (Tex.App.-Dallas 2006, no pet.); *Burke*, 169 S.W.3d at 775.

 In his brief, Husband repeatedly asserts he traced his separate property during the trial. However, he fails to direct us to testimony or other evidence in the record to support his assertions. Instead, Husband cites generally to voluminous trial exhibits consisting of statements from various brokerage accounts, individual retirement accounts, and 401K accounts, tax returns, and summaries of various investment accounts. For example, in support of his contentions that the trial court erred in classifying his separate property as community property in issues one, two, three, four, six, seven, and ten, Husband cites generally to respondent's exhibit five which is set forth in volumes six through fifteen of the reporter's record and consists of hundreds of pages of account statements and other documents. Although the pages of respondent's exhibit five appear to be numbered, Husband fails to direct us to the specific pages within the voluminous exhibit that support his claims that he properly traced his separate property. Further, Husband fails to provide any discussion or analysis as to how such evidence supports his contention that the trial court erred in its characterization of property of the marital estate.

Recognizing this court's obligation to construe the rules of appellate procedure "reasonably yet liberally," Husband's arguments are entirely unsupported by appropriate citations to the record. *See Republic Underwriters Ins. Co. v. Mex–Tex, Inc.*, 150 S.W.3d 423, 427 (Tex.2004) (quoting

*Verburgt v. Dorner,* 959 S.W.2d 615, 616–17 (Tex.1997)); TEX.R.APP. P. 38.1. We have no duty, or even right, to perform an independent review of the record and applicable law to determine if there was error. *Valadez v. Avitia,* 238 S.W.3d 843, 845 (Tex.App.-El Paso 2007, no pet.). Husband fails to apply the cited law to the facts of this case or the evidence presented at trial. We therefore conclude Husband has waived these issues because they are inadequately briefed. TEX.R.APP. P. 38.1(i).

 Even if we were to conclude that Husband's brief presented an adequate argument for the contentions made with appropriate citation to legal authorities, Husband fails to discuss or analyze how his general citations to the record support his contention that the trial court abused its discretion by determining that the marital property was community property. The record does not present clear and convincing evidence that Husband properly traced his separate property. Husband testified at trial that he had no expertise or understanding of tracing rules. Husband also testified that in preparing exhibit six, a summary of the account statements for his 401K and individual retirement account, he used a value approach without any analysis of the transactions within the accounts, such as the purchase or sale of stocks, bonds, mutual funds, or other assets within the accounts. During the trial, Husband called Kenneth Sibley as an expert to trace his separate property. However, Sibley's expertise was challenged and the trial court did not allow him to testify regarding Husband's separate property claims. According to the record, no other testimony was offered to substantiate Husband's separate property claims.

Husband did not present specific tracing testimony or corroborating testimony or evidence, similar to evidence presented in cases where courts have determined that the separate nature of the property was established by clear and convincing evidence. *See Boyd,* 131 S.W.3d at 616. Instead, Husband supported his assertions by citing generally to trial exhibits consisting of statements from various brokerage accounts, individual retirement accounts, and 401K accounts, tax returns for five years, and summaries of various investment accounts prepared by Husband. The trial court was left to speculate, based on Husband's testimony alone, what was separate property and what was community property.

Indulging every reasonable presumption in favor of the trial court's proper exercise of its discretion in dividing marital property, and because any doubt as to the character of property is resolved in favor of the community estate, we conclude the trial court did not abuse its discretion in characterizing the assets and liabilities of the parties as community property. *See Chavez,* 269 S.W.3d at 767; *Boyd,* 131 S.W.3d at 610. Husband's issues one, two, three, four, five, six, seven, and ten are overruled.

## B. EXCLUSION OF EXPERT WITNESS

In his eighth issue, Husband complains the trial court erred by excluding his expert witness, Kenneth Sibley. Husband argues the trial court failed to apply "expert standards" for relevance and reliability in sustaining Wife's objection to Sibley's testimony. Wife asserts Husband failed to preserve error on this issue by failing to make an offer of proof as to what Sibley's testimony would have been.

 An appellate court does not reach the question of whether evidence was erroneously excluded unless the complaint has first been preserved for review. *See In re Estate of Miller,* 243 S.W.3d 831, 837 (Tex.App.-Dallas 2008, no pet.). To preserve error on appeal, a party must present to the trial court a timely request, motion, or objection, state the specific

grounds therefore, and obtain a ruling that appears in the record. TEX.R.APP. P. 33.1(a); *Wal–Mart Stores, Inc. v. McKenzie,* 997 S.W.2d 278, 280 (Tex.1999). To preserve error concerning the exclusion of evidence, the complaining party must actually offer the evidence and secure an adverse ruling from the trial court. *See Bobbora v. Unitrin Ins. Serv.,* 255 S.W.3d 331, 334 (Tex.App.-Dallas 2008, no pet.); *Fletcher v. Minn. Min. & Mfg. Co.,* 57 S.W.3d 602, 606 (Tex.App.-Houston [1st Dist.] 2001, pet. denied); *see also* TEX.R. EVID. 103(a) ("Error may not be predicated upon a ruling which . . . excludes evidence unless a substantial right of the party is affected, and . . . the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked."). The reviewing court may be able to discern from the record the nature of the evidence and the propriety of the trial court's ruling; however, without an offer of proof, we can never determine whether exclusion of the evidence was harmful. *See Bobbora,* 255 S.W.3d at 335. Texas recognizes two types of offers to preserve error: the offer of proof and the formal bill of exception. *See Fletcher,* 57 S.W.3d at 606. To challenge exclusion of evidence by the trial court on appeal, the complaining party must present the excluded evidence to the trial court by offer of proof. *Id.* When no offer of proof is made before the trial court, the party must introduce the excluded evidence into the record by a formal bill of exception. *See Bobbora,* 255 S.W.3d at 335. Because Husband did not make a timely offer of proof before the trial court and did not file a formal bill of exception, he failed to preserve this issue for appeal. Husband's eighth issue is overruled.

## C. HEALTH INSURANCE PREMIUM REIMBURSEMENT

Husband asserts a separate property claim of $1,675.03 for reimbursement of the children's health insurance monthly premium. In the final decree of divorce, the trial court ordered Husband to provide health insurance for the children, and ordered Wife to reimburse Husband the monthly amount of $113.00 for the health insurance premiums attributable to the children. In his ninth issue, Husband contends that because the children's monthly health insurance premium was $467.19 as of the date of the trial, the trial court erred in ordering Wife to pay $113.00 per month and should have ordered Wife to pay $233.00 per month for the health insurance premiums attributable to the children. Further, Husband contends he should be reimbursed in the amount of $1,675.00 for premiums he paid in excess of his obligation under the Texas Family Code guidelines.

 A trial court's order pertaining to health insurance for the children will not be reversed on appeal unless the complaining party can show a clear abuse of discretion. *See Cameron v. Cameron,* 158 S.W.3d 680, 682 (Tex.App.-Dallas 2005, pet. denied); *Melton v. Toomey,* 350 S.W.3d 235, 238 (Tex.App.-San Antonio 2011, no pet.). If the parent ordered to provide health insurance is the parent that is receiving child support (the obligee), the court shall order the parent that pays child support (the obligor) to pay the obligee, as additional child support, "an amount equal to the actual cost of health insurance for the child, but not to exceed a reasonable cost to the obligor." TEX. FAM.CODE ANN. § 154.182(b–1) (West Supp.2011). "Reasonable cost" means "the total cost of health insurance coverage for all children for which the obligor is responsible under a medical support order that does not exceed nine percent of the obligor's annual resources." TEX. FAM.CODE ANN. § 154.182(c)(2) (West Supp.2011); TEX. FAM.CODE ANN. § 154.181(e) (West Supp. 2011).

Husband contends that on the date of the trial, the "actual cost of health insurance" for the children was $467.19 per month. Although Husband cites to multiple pages in the record in support of this amount, our review of the record reflects that Husband did not testify or present evidence at trial that the monthly health insurance premium for the children was $467.19. Instead, Husband testified at various times throughout the trial that the actual amount of the health insurance premium attributable to the children was "maybe $120," "800 and something minus 240," or "172." The record contains no evidence that the "actual cost of health insurance" was $467.19.

Husband also fails to discuss or cite to evidence explaining why the "reasonable cost" of Wife's health insurance premium reimbursement should have been $233.00 per month. There is nothing in Husband's brief to indicate how he came up with the amount of $233.00. The trial court calculated Wife's child support obligation based on minimum wage at $275.00 per month, and the amount of $113.00 towards the reasonable cost of the health insurance for the children as additional child support. Because the only basis for Husband's contention that the trial court erred in ordering Wife to pay $113.00 per month is Husband's unsupported statement that the monthly health insurance premium is actually $467.19, we conclude the trial court did not abuse its discretion in ordering Wife to pay $113.00 per month for the health insurance premiums attributable to the children. *See Melton,* 350 S.W.3d at 238. Husband's ninth issue is overruled.

### III. CONCLUSION

We resolve Husband's issues against him and affirm the final decree of divorce.