# NO. 12-15-00300-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF THE MARRIAGE OF STEPHANIE GWINN ARMSTRONG AND RONALD DEAN ARMSTRONG* | *§* | *APPEAL FROM THE 87TH* |
| | *§* | *DISTRICT COURT* |
| | *§* | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Ronald Dean Armstrong appeals the trial court's final decree of divorce. On appeal, he presents one issue. We modify the final decree of divorce and, as modified, affirm.

### BACKGROUND

Ronald Dean Armstrong and Stephanie Gwinn Armstrong were married on August 21, 1993. On March 26, 2015, Stephanie filed a first amended petition for divorce, and Ronald filed a counterpetition for divorce. Both parties alleged that the other spouse was guilty of cruel treatment and committed adultery, and both parties requested that they be awarded a disproportionate share of the parties' community estate.

Following a bench trial, the trial court granted the divorce. The trial court awarded Ronald, as his sole and separate property, the business known as Warehouse Hardware Enterprises, LLC, including but not limited to all inventory, cash, receivables, accounts, goods, and supplies. Further, the trial court awarded to Stephanie, as her sole and separate property, "[t]he Warehouse real estate and the Watkins interest contiguous thereto," which properties were described in an exhibit to the divorce decree. This appeal followed.

## STANDARD OF REVIEW

In a decree of divorce, a court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party. TEX. FAM. CODE ANN. § 7.001 (West 2006). We review a trial court's division of property under an abuse of discretion standard. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied); *see also Garza v. Garza*, 217 S.W.3d 538, 548 (Tex. App.—San Antonio 2006, no pet.). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Garza*, 217 S.W.3d at 549; *Moroch*, 174 S.W.3d at 857. Moreover, we should reverse a court's division of property only if the error materially affects the court's just and right division of the property. *Henry v. Henry*, 48 S.W.3d 468, 475 (Tex. App.—Houston [14th Dist.] 2001, no pet.). However, once reversible error affecting the "just and right" division of the community estate is found, an appellate court must remand the entire community estate for a new division. *Sheshtawy v. Sheshtawy*, 150 S.W.3d 772, 780 (Tex. App.—San Antonio 2004, pet. denied) (quoting *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985)).

## PROPERTY DIVISION

In his sole issue, Ronald argues that the trial court abused its discretion by awarding the Warehouse real estate ("Warehouse Property") to Stephanie because it was not within the trial court's authority. More specifically, he contends that the "Warehouse Property" was deeded to the limited liability company that was awarded to him in the divorce decree. In the alternative, Ronald argues that the "Warehouse Property" was held in a partnership between him and his mother-in-law, Dotie Adams, and was not part of the marital estate.

### Applicable Law

Property possessed by either spouse during or on dissolution of marriage is presumed to be community property. TEX. FAM. CODE ANN. § 3.003(a) (West 2006). Any doubt as to the character of property should be resolved in favor of the community estate. *Sink v. Sink*, 364 S.W.3d 340, 345 (Tex. App.—Dallas 2012, no pet.). The burden of proof necessary to establish that property is separate property is clear and convincing evidence. *Id.* § 3.003(b). Clear and convincing evidence means "the measure or degree of proof that will produce in the mind of the

2

trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* § 101.007 (West 2014).

A "tenancy in common" is a tenancy by two or more persons, in equal or unequal undivided shares, each person having an equal right to possess the whole property but no right of survivorship. *See* BLACK'S LAW DICTIONARY 1695 (10th ed. 2014). The question of whether a partnership exists is primarily a question of fact. *Ben Fitzgerald Realty Co. v. Muller*, 846 S.W.2d 110, 120 (Tex. App.—Tyler 1993, writ denied). A "partnership" is an association of two or more persons to carry on a business for profit as owners. *See* TEX. BUS. ORGS. CODE ANN. § 152.051 (b) (West 2012). Co-ownership of property, regardless of whether the co-ownership is a joint tenancy, tenancy in common, tenancy by the entity, joint property, community property, or part ownership, by itself, does not indicate that a person is a partner in the business. *See id.* § 152.052 (b)(2)(A) (West 2012). In determining whether a partnership was created, we consider several factors, including (1) the parties' receipt or right to receive a share of profits of the business; (2) any expression of an intent to be partners in the business; (3) participation or right to participate in control of the business; (4) any agreement to share or sharing losses of the business or liability for claims by third parties against the business; and (5) any agreement to contribute or contributing money or property to the business. *See id.* § 152.052(a). We review these factors under the totality of the circumstances. *See Ingram v. Deere*, 288 S.W.3d 886, 898 (Tex. 2009).

**Analysis**

Here, the evidence showed that Ronald and Dotie, Stephanie's mother, bought the real property known as the "Warehouse Property" on September 27, 2010, and that both of their names were listed on the general warranty deed. Dotie paid the entire purchase price of $30,000, as evidenced by a check admitted into evidence.[1] Stephanie and Ronald both stated that they owned a one-half interest in the "Warehouse Property," according to each of their inventories and appraisements. From this evidence, the "Warehouse Property" was part of the marital estate, and each spouse owned a one-half interest in the real property.

---

[1] Ronald and Stephanie operated a hardware store on the "Warehouse Property," along with a lawn mower repair shop on an adjacent piece of property that they owned.

However, Ronald argues in his brief that he deeded the "Warehouse Property" to Warehouse Enterprises.[2] At trial, Ronald testified that he formed Warehouse Enterprises about two years before trial in order to protect his personal belongings. He stated that the lawn mower repair business, the hardware store, and a lake property were listed as assets of Warehouse Enterprises. Ronald testified that he deeded the hardware store, not the "Warehouse Property," to Warehouse Enterprises. Moreover, there is no trial exhibit or evidence showing the assets of Warehouse Enterprises or any paperwork showing its formation. Thus, there is no evidence that Ronald deeded the "Warehouse Property" to Warehouse Enterprises.

Nonetheless, Ronald argues that it is "undisputed" that the "Warehouse Property" was held in a partnership between himself and Dotie. Stephanie contends that Ronald and Dotie, instead, owned the "Warehouse Property" as tenants in common. As noted above, we must consider several factors to determine if Ronald and Dotie owned the "Warehouse Property" as a partnership, including (1) the parties' receipt or right to receive a share of profits of the business; (2) any expression of an intent to be partners in the business; (3) participation or right to participate in control of the business; (4) any agreement to share or sharing losses of the business or liability for claims by third parties against the business; and (5) any agreement to contribute or contributing money or property to the business. *See* TEX. BUS. ORGS. CODE ANN. § 152.052(a). We conclude that Ronald and Dotie met none of these factors to establish a partnership.

Regarding the parties' receipt or right to receive a share of the profits of the business, there was no testimony that Dotie received any profits or a share of the business. Moreover, neither Ronald nor Dotie expressed an intent to be partners in the business. Ronald characterized the "Warehouse Property" and the hardware store as his "personal" assets. Dotie stated that she believed that she was going to help run the hardware store after she retired. She did not know what "dba The Warehouse" meant when it followed her name and Ronald's name in the general warranty deed and on the settlement statement. At trial, Dotie "realized" that she and Ronald were "partners" according to the general warranty deed. From this evidence, it is clear that Ronald and Dotie did not intend to form a partnership.

Regarding participating or a right to participate in control of the business, Dotie stated that how Ronald spent money on the store was "none of [her] business." Further, Ronald and

---

[2] Ronald's company is referred to in the record as "Warehouse Hardware Enterprises, LLC" and "Warehouse Enterprises, L.L.C." Ronald provided no documentation regarding the company's correct name. We will refer to the company as "Warehouse Enterprises."

Dotie did not have any agreement to share losses of the business or to contribute money to the business. Dotie testified that she did not owe half of the judgments against the hardware store. Even though Dotie loaned the hardware store $15,000 for inventory, Ronald stated that he never promised to pay Dotie back for the loan because she was an "investor" in the hardware business. Thus, there is no evidence that Ronald or Dotie were partners in the "Warehouse Property."

Accordingly, the evidence supports a finding that the marital estate owns a one-half interest in the "Warehouse Property." We overrule Ronald's sole issue.

However, the divorce decree awarded Stephanie, as her sole and separate property, "The Warehouse real estate and the Watkins interest contiguous thereto." The trial court did not specify that Stephanie was awarded the marital estate's one-half interest in the real property. We reverse a court's division of property only if the error materially affects the court's just and right division of the property. *See Henry*, 48 S.W.3d at 475. Here, the trial court's error does not materially affect a just and right division of the property. Further, we have the authority to modify incorrect judgments when the necessary information is available for us to do so. *See* TEX. R. APP. P. 43.2(b) (authorizing an appellate court to modify a trial court's judgment and affirm it as modified); *Mullins v. Mullins*, 202 S.W.3d 869, 878 (Tex. App.—Dallas 2006, pet. denied). We therefore modify paragraph W-1 of the divorce decree to delete the language "The Warehouse real estate" and replace it with "The marital estate's one-half interest in the Warehouse real estate."

## DISPOSITION

Having overruled Ronald's sole issue, we *modify* the final decree of divorce by deleting the language "The Warehouse real estate" in paragraph W-1 and replacing it with "The marital estate's one-half interest in the Warehouse real estate." As modified, we *affirm* the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered July 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2017**

**NO. 12-15-00300-CV**

**IN THE MATTER OF THE MARRIAGE OF
STEPHANIE GWINN ARMSTRONG AND RONALD DEAN ARMSTRONG**

Appeal from the 87th District Court
of Anderson County, Texas (Tr.Ct.No. 87-12218)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** by deleting the language "The Warehouse real estate" in paragraph W-1 and replacing it with "The marital estate's one-half interest in the Warehouse real estate;" **and as modified**, the trial court's judgment is **affirmed**; appellate costs are assessed against the party incurring same; and that this decision be certified to the trial court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*