# NO. 12-17-00032-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LANA SUE CALHOUN,*<br>*APPELLANT* | § | *APPEAL FROM THE 123RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *DANA REX CALHOUN,*<br>*APPELLEE* | § | *SHELBY COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Lana Sue Calhoun appeals from a final decree divorcing her from Dana Rex Calhoun. In seven issues, Sue complains of the disposition of property. We affirm.

### BACKGROUND

The Calhouns had been married for almost thirty years when Rex filed for divorce. A hearing was held on January 22, 2016, at which Sue appeared pro se and by telephone due to her incarceration. At the close of the hearing, the trial court gave her fifteen days to file exhibits and allowed Rex an additional fifteen days to file objections to those exhibits. Within the time required, Sue sent copies of her exhibits and what she termed "settlement offers" to Rex's attorney. She sent a copy of the "settlement offers" and a list of the exhibits to the trial court, explaining that she only had one copy of the exhibits. The record does not contain any objections to anything Sue filed. On December 19, 2016, the trial court granted the divorce and ordered the community real property and certain specified items to be sold and the proceeds split equally between the parties. There is no explanation in the record for the lengthy delay between the hearing and the signing of the decree. In this appeal, Sue does not complain of the divorce, only of alleged mistakes regarding disposition of the parties' property.

STANDARD OF REVIEW

A court, upon the dissolution of marriage, is authorized to divide the "estate of the parties." TEX. FAM. CODE ANN. § 7.001 (West 2006). The "estate" which the court is authorized to divide is the community estate; the court may not divide separately owned property. *Walton v. Johnson*, 879 S.W.2d 942, 945 (Tex. App.−Tyler 1994, writ denied). We review a trial court's division of property under an abuse of discretion standard. *Granger v. Granger*, 236 S.W.3d 852, 855 (Tex. App.−Tyler 2007, pet. denied). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Id*. at 855-56. In family law cases, legal and factual sufficiency are factors relevant to our assessment of whether the trial court abused its discretion. *Id.* at 856. Thus, we apply a two prong test: (1) did the trial court have sufficient evidence upon which to exercise its discretion, and (2) did the trial court err in its application of that discretion? *Id*. We then consider whether, based on the evidence, the trial court made a reasonable decision. *Id*.

In a non-jury trial, where no findings of fact or conclusions of law are filed or requested, we must presume that the trial court made all the necessary findings to support the judgment. *Sink v. Sink*, 364 S.W.3d 340, 343 (Tex. App.−Dallas 2012, no pet.). If the trial court's implied findings are supported by the evidence, we must uphold its judgment on any theory of law applicable to the case. *Id*. at 343-44. We must assume the fact finder resolved disputed facts in favor of its finding if a reasonable fact finder could do so. *Id*. at 344. As the trier of fact, it is the role of the trial court to judge the credibility of the witnesses, weigh the testimony, accept or reject any testimony, and resolve conflicts in the evidence. *In re Marriage of C.A.S. and D.P.S.*, 405 S.W.3d 373, 390 (Tex. App.−Dallas 2013, no pet.).

## UNDISPOSED OF PROPERTY

In issues one through four and seven, Sue contends the trial court abused its discretion by failing to dispose of the homestead and the acre of land it sits on, additional bank accounts, a retirement account, the mineral rights to twenty-eight acres in Nacogdoches County, and two burial plots.

The record shows that the parties' home is located at 729 Rosehill Road in Timpson, Texas. A Shelby County tax statement shows the parties own 3.06 acres at that address. The divorce decree identifies the marital residence as being located at that address and described in a

deed from Paul Bailey to Sue and Rex. The decree does not mention acreage included with the home. The deed is not in the record. Although Sue testified that the parties' own an additional acre, her testimony was unsupported by documentation. The trial court was entitled to believe the evidence presented by Rex and disregard Sue's testimony. *See id*. The decree provides that the property at 729 Rosehill, as described in the deed conveying the property to the Calhouns, is to be sold and the proceeds of the sale are to be divided equally between the parties.

Rex testified that he has one bank account containing $1,500. He denied having other bank accounts. Sue alleged that Rex had other accounts but provided no documentary evidence of other current bank accounts. Again, the trial court was entitled to believe Rex. *See id*.

Rex testified that he has two retirement accounts but they are in one "retirement plan," and monthly payments are distributed to him from that plan. His attorney explained that there is one account and contributions are made into it from two entities Rex worked for. Sue provided no evidence of an additional retirement account. The decree awards to Sue fifty percent of the community interest in Rex's retirement system savings plan and his retirement system pension plan. Both plans are identified with the same identification number. The court was entitled to believe Rex's explanation and determine that he does not have an additional retirement account. *See id*.

The record shows that the parties own 28.02 acres in Nacogdoches County. At the hearing, Sue mentioned that they have money "in escrow for mineral rights" on that property but there was no discussion of, or testimony regarding, the disposition of those mineral rights. The deed to the property is not in the record. The decree orders the sale of "the real property consisting of approximately 28.02 acres situated in Nacogdoches County, Texas." The decree does not mention the mineral rights but Texas law provides that minerals in place are part of the realty. **Wenske v. Ealy**, 521 S.W.3d 369, 373 (Tex. App.−Corpus Christi 2016), *aff'd* 521 S.W.3d 791 (Tex. 2017). In the absence of clarifying language to the contrary, or evidence that the mineral estate has previously been severed, we interpret the decree as ordering the sale of the mineral rights, if any are reflected in the deed to the property, along with the 28.02 acres. *See* **Sink**, 364 S.W.3d at 343-44; **Lightning Oil Co. v. Anadarko E&P Onshore, LLC**, 520 S.W.3d 39, 49 (Tex. 2017).

As part of her "settlement offer," Sue stated that she paid for two burial plots at Jacob's Chapel in Woden, Texas. No testimony or documentary evidence regarding burial plots was

3

presented at the hearing. The legislature regulates cemeteries, including the conveyance of cemetery plots. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 711.038-.039 (West 2017). Cemetery organizations are required to provide a certificate of ownership evidencing the conveyance of the right of burial which must be filed and recorded in the cemetery organization's office. *Id*. § 711.038(b), (c). In the absence of evidence of the certificate of ownership, we presume the two plots, if they exist, are community property. *See* TEX. FAM. CODE ANN. § 3.003(a) (West 2006). The divorce decree includes a provision ordering that any property of the parties not awarded or divided by the decree is awarded to the party in possession of that property. We conclude that, in this instance, the party in possession of the certificate of ownership evidencing the right to possession of the plots, is the "party in possession" of the plots for purposes of the decree. *See Soto v. Soto*, 936 S.W.2d 338, 343 (Tex. App.−El Paso 1996, no writ) (held that "possession" as used in context of divorce decrees, means physical control of property or power of immediate enjoyment and disposition of property). Accordingly, the burial plots fall under the decree's catchall provision and have been disposed of.

Sue has not shown the trial court abused its discretion by failing to dispose of the specified items. We overrule Sue's issues one through four and seven.


## SUE'S SEPARATE PROPERTY

In her sixth issue, Sue contends the trial court abused its discretion by awarding her separate property to Rex. She refers to the furniture, a diamond wedding band, a diamond cluster ring, and all other items in the "settlement offer" she submitted.

**Applicable Law**

If the trial court mischaracterizes a spouse's separate property as community property and awards some of the property to the other spouse, then the trial court abuses its discretion. *Sharma v. Routh*, 302 S.W.3d 355, 360 (Tex. App.−Houston [14th Dist.] 2009, no pet.) (op. on reh'g). In the context of a divorce proceeding, characterization of property is determined by the time and circumstances of its acquisition. *Rivera v. Hernandez*, 441 S.W.3d 413, 420 (Tex. App.−El Paso 2014, pet. denied). Separate property consists of all the spouse's property, both real and personal, that is owned or claimed before marriage, and that is acquired after marriage by gift, devise, or descent. TEX. CONST. art. XVI, § 15. Community property consists of

4

property, other than separate property, acquired by either spouse during marriage. TEX. FAM. CODE ANN. § 3.002 (West 2006).

Property possessed by either spouse during or on dissolution of marriage is presumed to be community property. *Id*. § 3.003(a). To overcome this presumption, a party must present clear and convincing evidence that the property is separate. *Id*. § 3.003(b). "Clear and convincing evidence" means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *Id*. § 101.007 (West 2014); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). To overcome the community property presumption, the spouse claiming certain property as separate property must trace and clearly identify the property claimed to be separate. *Boyd v. Boyd*, 131 S.W.3d 605, 612 (Tex. App.−Fort Worth 2004, no pet.). Tracing involves establishing the separate origin of the property through evidence showing the time and means by which the spouse originally obtained possession of the property. *Smith v. Smith*, 22 S.W.3d 140, 144 (Tex. App.−Houston [14th Dist.] 2000, no pet.) (op. on reh'g). As a general rule, the clear and convincing standard is not satisfied by testimony that property possessed at the time the marriage is dissolved is separate property when that testimony is contradicted or unsupported by documentary evidence tracing the asserted separate nature of the property. *Graves v. Tomlinson*, 329 S.W.3d 128, 139 (Tex. App.−Houston [14th Dist.] 2010, pet. denied). Any doubt as to the character of property should be resolved in favor of the community estate. *Granger*, 236 S.W.3d at 856-57.

<u>Analysis</u>

At the hearing, before the parties submitted their testimony, Sue told the court that "anything that was in the house that he – when we left belongs to me because it was mine before he married me. It was my mother's." She offered to send the court her five or six page inventory. She also explained that her dad gave her jewelry and she purchased guns from him.

The post-hearing exhibits sent to Rex's attorney do not include an inventory of separate property. Within her post-hearing "settlement offer," Sue included an extensive list of items she wants awarded to her. The items are categorized by placement in the home. Much of what she claims is based on her assertion that she paid for those items. She also claims that Rex came in to the marriage with nothing while she owned all "household items" when they married. She said she collected guns from her father's pawn shop. Additionally, she indicated that many items were her mother's. She wants all DVD tapes, indicating parenthetically "Father gave especially

5

John Wayne."  On the page entitled "Kitchen," before the itemized list, is the statement that "[a]ll items in house were mine my Mother gave me I had before our Marriage."  Sue noted "me & my ex's" next to some furniture listed.  She claims the "[a]ntique tool collection of fathers he gave me."  Certain items she would give to Rex are identified as his or having belonged to his parents or brother.

Sue offered no testimony at the hearing to substantiate her separate property claims.  Assuming the court considered the inventory included in the post-hearing "settlement offer," it does not rise to the level of clear and convincing evidence sufficient to overcome the community property presumption.  *See* TEX. FAM. CODE ANN. § 101.007.  Sue's cryptic notations do not show exactly when or how she obtained possession of any of the specified items.  *See Smith*, 22 S.W.3d at 144.  She presented no documentary evidence, such as her parents' wills, tracing the origin of the property or corroborating her claims.  *See Graves*, 329 S.W.3d at 139.  Further, her notes are internally inconsistent, proclaiming that all household items belong to her while admitting that some items belong to Rex.  Any doubt as to the character of property is resolved in favor of the community estate.  *See Granger*, 236 S.W.3d at 856-57.  Because she has not adequately traced her separate property, Sue has not shown that the trial court abused its discretion by awarding allegedly separate property to Rex.  We overrule Sue's sixth issue.

### TERMS OF SALE

In her fifth issue, Sue states her opposition to the trial court's order that the asking price of the community property being sold be reduced by three percent every ninety days.  She explains that they still carry mortgages on both pieces of property.  Sue asks this court to "overrule" the trial court's order to periodically reduce the sales price.  She requests this court to address how the properties would be paid off in the event the sales price is insufficient to pay the remaining balances.  She also asks this court to order an unbiased real estate agent and an auctioneer to conduct the sale of the community property.

In this issue, Sue has not addressed any alleged abuse of discretion by the trial court.  Where an appellant's issue does not point out any error allegedly committed by the trial court, there is nothing for this court to address.  *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.−Houston [14th Dist.] 2008, no pet.).  We overrule Sue's fifth issue.

## DISPOSITION

As Sue has not shown any abuse of discretion by the trial court, we ***affirm*** the trial court's final decree of divorce.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 25, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 25, 2017**

**NO. 12-17-00032-CV**

**LANA SUE CALHOUN,**
Appellant
V.
**DANA REX CALHOUN,**
Appellee

Appeal from the 123rd District Court

of Shelby County, Texas (Tr.Ct.No. 15D27,809)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*