**AFFIRMED and Opinion Filed September 26, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00756-CV

### KAMAL ANWAR, Appellant
### V.
### MUKTA KAUSAR, Appellee

**On Appeal from the 303rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-18-19566**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Goldstein
Opinion by Justice Reichek

Kamal Anwar appeals the trial court's final decree of divorce dissolving his marriage to Mukta Kausar and dividing the marital estate. Bringing two issues, Anwar contends the trial court erred in awarding Kausar bank accounts held in her name as her separate property and in inequitably dividing the marital estate. We affirm the trial court's judgment.

## I. Separate Property

In his first issue, Anwar contends the trial court erred in concluding that "all bank accounts in Bangladesh banks held in the name of Mutka Kausar" were Kausar's separate property. "When reviewing an alleged property characterization

error, we must determine whether the trial court's finding is supported by clear and convincing evidence and whether the characterization error, if established, was an abuse of discretion." *Sink v. Sink*, 364 S.W.3d 340, 343 (Tex. App.—Dallas 2012, no pet.). In family law cases, the traditional sufficiency standard of review overlaps with the abuse of discretion standard of review; therefore, legal and factual insufficiency are not independent grounds of error but are relevant factors in our assessment of whether the trial court abused its discretion. *See Chavez v. Chavez*, 269 S.W.3d 763, 766 (Tex. App.—Dallas 2008, no pet.). When the burden of proof at trial is by clear and convincing evidence, we apply a higher standard of legal and factual sufficiency review. *Id*. Clear and convincing evidence is defined as that "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007.

Under Texas law, property possessed by either spouse during or upon dissolution of the marriage is presumed to be community property. *Sink*, 364 S.W.3d at 344. To overcome the community property presumption, the burden is on the spouse claiming certain property is separate to trace and clearly identify the property claimed to be separate by clear and convincing evidence. *Id*. A spouse's separate property includes property acquired by the spouse during marriage by gift, devise, or descent. TEX. FAM. CODE ANN. § 3.001.

At trial, Anwar and Kausar's son, Asif, testified he had been sending his mother $500 per month as a gift since 2006. Asif stated the funds were intended solely for his mother because he did not feel it was necessary to give his father any money. The monthly gift was set up as an automatic deposit into Kausar's account at Bank of America. Kausar testified she transferred some of the money given to her by her son to accounts held in her name in Bangladesh.

Anwar acknowledged that Kausar took money from her account in America and deposited it into her accounts in Bangladesh. Anwar further acknowledged that Kausar did not work and that "maybe some" of the money she was saving in Bangladesh was the money she received from their son. Anwar asserted, however, that he believed Kausar may have deposited rent money collected from tenants of a condominium they jointly owned into her accounts in Bangladesh. He conceded that Kausar handled her bank accounts and stated she "100 percent" knew more about the Bangladesh accounts than he did.

When asked about the rent money, Kausar stated she never deposited rent money into the Bangladesh accounts held in her name. She testified the accounts held in her name were for the money given to her by her son. According to Kausar, she deposited three month's rent she and Anwar received from leasing the condominium into a different account in Bangladesh held jointly in her name and her son's name. She further stated most of the rent money she and Anwar received was used for taxes and repairs or was taken by Anwar.

The above testimony established the money in the Bangladesh accounts held solely in Kausar's name came from gifts given to Kausar by Asif. Anwar presented no contradictory evidence other than his own speculation. Accordingly, we conclude the trial court did not abuse its discretion in determining the funds held in Kausar's name in Bangladesh were her separate property. We resolve Anwar's first issue against him.

## II. Division of Marital Estate

In his second issue, Anwar contends the trial court's division of the marital estate was inequitable and contrary to the overwhelming weight and preponderance of the evidence presented at trial. The trial court is afforded broad discretion in dividing the community estate, and we indulge every reasonable presumption in favor of the trial court's proper exercise of its discretion. *In re Marriage of C.A.S.*, 405 S.W.3d 373, 384 (Tex. App.—Dallas 2013, no pet.). The property division need not be equal, and the trial court may consider many factors when exercising its discretion to divide the marital property. *Id*. Such factors include the nature of the marital property, the relative earning capacity and business opportunities of the parties, the parties' relative financial condition and obligations, the parties' education, the size of separate estates, the age, health, and physical conditions of the parties, fault in breaking up the marriage, the benefit the innocent spouse would have received had the marriage continued, and the probable need for future support. *Id*. The party complaining of the division of the community estate has the burden of

showing from the evidence in the record that the trial court's division of the community estate was so unjust as to constitute an abuse of discretion. *Id*.

The trial court in this case awarded Kausar the marital home located in Irving, Texas and the condominium in Bangladesh. Kausar was also awarded all the gold in her possession, while Anwar was awarded the 2008 Volvo XC90 in his possession. Both Kausar and Anwar were awarded the tangible personal property, including furnishings, jewelry, and other personal effects, in their possession, as well as all sums of cash subject to their sole control. Finally, Kausar and Anwar were each awarded half of the shares they owned in North Atlantic Trading Inc., a corporation with which Anwar had been previously employed.

Although Kausar was awarded both the house and the condominium, the court also allocated a larger share of the total community debt to her, including approximately $34,000 owed on a home equity line of credit and over $50,000 in credit card debt. The assessed value of the condominium two years before trial was $62,000. Kausar submitted evidence showing the house in Irving was in need of substantial repairs.

Moreover, to the extent Kausar may have been awarded a disproportionate share of the community estate, the evidence supports this decision. A disparity in the financial condition and earning capacities of the parties is an important consideration in dividing the estate. *Id*. at 392–93. The evidence showed that for the entirety of their twenty-eight-year marriage, Kausar was a homemaker and

–5–

Anwar controlled their finances. Kausar stated Anwar would not tell her how much he made or allow her to be involved in his work. Although Anwar was not earning an income at the time of trial, he had been successful in business and had started a new corporation with his brother. Kausar testified Anwar would tell her he did not have any money, but she would then witness him purchase lavish gifts with cash. Kausar stated Anwar frequently used cash to travel and buy "big, big" gifts for his relatives. *See id*. at 393 (court may consider wrongful depletion of community assets when dividing estate); *see also Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex. 1998). Anwar conceded he failed to make all the support payments required by the temporary orders put in place by the trial court. Kausar testified Anwar failed to pay $11,500 of the court ordered support.

Based on the record before us, we cannot conclude the trial court clearly abused its discretion in its division of the marital estate. We resolve Anwar's second issue against him.

We affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

210756F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

KAMAL ANWAR, Appellant

No. 05-21-00756-CV     V.

MUKTA KAUSAR, Appellee

On Appeal from the 303rd Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-18-19566. Opinion delivered by Justice Reichek. Justices Schenck and Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MUKTA KAUSAR recover her costs of this appeal from appellant KAMAL ANWAR.

Judgment entered September 26, 2022