**AFFIRMED and Opinion Filed March 28, 2024**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-00017-CV**

**ACCELERATED INVENTORY MANAGEMENT, LLC, Appellant**

**V.**

**BENJAMIN MCELROY, Appellee**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-01519**

## MEMORANDUM OPINION

Before Justices Reichek, Carlyle, and Miskel
Opinion by Justice Carlyle

Appellant Accelerated Inventory Management, LLC sued appellee Benjamin McElroy for breach of contract based on McElroy's failure to repay a loan. On appeal, Accelerated argues the trial court abused its discretion when it excluded Accelerated's evidence and witnesses and granted a take-nothing judgment in McElroy's favor. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## BACKGROUND

Accelerated's initial disclosures (1) identified appellee Benjamin McElroy and Daniel Laux, Accelerated's representative, as people having knowledge of

relevant facts and (2) included a business records affidavit authenticating copies of the loan, payment schedule, and other documents concerning the loan. *See* TEX. R. EVID. 902(10). Neither party filed mandatory pretrial disclosures. *See* TEX. R. CIV. P. 194.4.

Both parties were represented by counsel at the October 27, 2022 bench trial. McElroy timely objected to the introduction of any testimony based on Accelerated's nondisclosure of witnesses and exhibits. *See id*. The trial court confirmed Accelerated had no witnesses available, granted McElroy's objection, issued a take-nothing judgment in his favor, and denied Accelerated's Motion for New Trial.

On appeal, Accelerated argues in a single issue that the trial court abused its discretion when it excluded Accelerated's exhibits and witness testimony because (1) its exclusion amounted to a death penalty sanction; (2) Accelerated's failure to file pretrial disclosures did not unfairly surprise or prejudice McElroy; and (3) Texas Rule of Civil Procedure 194 does not mandate the exclusion of evidence and witness testimony.

## STANDARD OF REVIEW

"We review a trial court's decision to admit or exclude evidence for an abuse of discretion." *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or acts without reference to any guiding principles." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *see also In re Alford*, 645 S.W.3d 315, 316 (Tex. App.—Dallas 2022, no pet.)

("An abuse of discretion occurs when a trial judge reaches a decision that is so arbitrary and unreasonable that it amounts to a clear error of law or violates a ministerial duty."). "To determine if an abuse of discretion occurred, we must decide whether the trial court (1) had sufficient information upon which to exercise its discretion, and (2) erred in the exercise of its discretion." *Interest of J.A.A.*, No. 05-22-00578-CV, 2023 WL 4944505, at \*1 (Tex. App.—Dallas Aug. 3, 2023, no pet.) (mem. op.).

## APPLICABLE LAW

Under the Texas Rules of Civil Procedure, parties are required to provide opposing parties with certain information about evidence they may present at trial, other than solely for impeachment purposes, at least 30 days before trial. *See* TEX. R. CIV. P. 194.4. A party may not introduce material or information that was not timely disclosed unless the trial court finds that "(1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties." TEX. R. CIV. P. 193.6(a). The party seeking to introduce the evidence carries the burden of establishing either good cause for the failure to disclose or that the failure will not unfairly surprise or prejudice the other party. TEX. R. CIV. P. 193.6(b).

## ANALYSIS

–3–

Accelerated first argues the trial court's exclusion of its witnesses constituted a death penalty sanction under Texas Rule of Civil Procedure 215 and that the trial court abused its discretion when it levied this sanction. We disagree because the trial court's ruling was not a sanction under Rule 215.

First, the trial court's ruling followed Texas Rule of Civil Procedure 193.6. Second, Accelerated did not fail to comply with an order or a discovery request; instead, it failed to comply with Rule 194.4. Third, Rule 193.6 contains its own mandatory enforcement mechanism based on a specific condition precedent. Fourth, there is no evidence the trial court viewed its ruling as a sanction or that it predicated its ruling on Rule 215. Fifth, the trial court's ruling did not eliminate Accelerated's option to request a continuance. *See* TEX. R. CIV. P. 193.6(c). Sixth, the trial court's ruling did not eliminate Accelerated's option to nonsuit its claims. *See* TEX. R. CIV. P. 162. Thus, we conclude the trial court's ruling was not a sanction under Texas Rule of Civil Procedure 215 and that even if it was, it neither adjudicated Accelerated's claim nor unilaterally precluded Accelerated from presenting the merits of its case. *See Chrysler Corp v. Blackmon*, 841 S.W.2d 844, 845 (Tex. 1992).

Accelerated also argues that the trial court abused its discretion because Accelerated's failure to file pretrial disclosures did not unfairly surprise or prejudice McElroy. Even when we assume that the trial court erred, Accelerated has not preserved error. *See Sink v. Sink*, 364 S.W.3d 340, 346–47 (Tex. App.—Dallas 2012, no pet.). As a general rule, a party is required to present a timely complaint to the

trial court before being allowed to raise the issue on appeal. *See* TEX. R. APP. P. 33.1(a)(1). A timely objection is one that is made "at a point in the proceedings which gives the trial court the opportunity to cure any alleged error." *Crews v. Dkasi Corp.*, 469 S.W.3d 194, 201 (Tex. App.—Dallas 2015, pet. denied).

"A party may claim error in a ruling to . . . exclude evidence only if the error affects a substantial right of the party and . . . a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context." TEX. R. EVID. 103(a)(2); *see also Sink*, 364 S.W.3d at 347 (complaining party must offer the evidence and secure adverse ruling from the trial court). "Making an offer of proof enables an appellate court to determine whether the exclusion of the evidence was erroneous and harmful, and it allows the trial court to reconsider its ruling in light of the actual evidence." *Talabera v. State*, No. 05-21-00613-CR, 2023 WL 2300540, at *2 (Tex. App.—Dallas Mar. 1, 2023, no pet.) (mem. op.). Accelerated did not make an offer of proof or a bill of exception and the issue of whether the substance of its evidence is apparent from the context has not been briefed. *See* TEX. R. APP. P. 38.1(i). Under these facts, we cannot determine whether the exclusion of Accelerated's evidence was harmful because there is no evidence it had any evidence. *See Sink*, 364 S.W.3d at 347. Accordingly, assuming error, we cannot conclude it caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a).

Finally, Accelerated argues the trial court erred when it prohibited Accelerated and its corporate representative from testifying because (1) McElroy was on notice they would testify at trial and (2) Texas Rule of Civil Procedure 193.6 excludes a named party from its prohibitions. Assuming Accelerated is correct on both counts, it nonetheless failed to demonstrate harm. *See Sink*, 364 S.W.3d at 346–47.

Instead, the record affirmatively demonstrates that Accelerated had no witnesses available on the day of trial, the trial court was aware of that fact, and Accelerated nonetheless failed to argue McElroy was incorrect, offer any evidence of any kind, or request statutorily authorized relief. *See, e.g.*, TEX. R. CIV. P. 193.6(c). Further, Accelerated has not shown its witnesses were available to be called that day or what those witnesses would have said if they were allowed to testify. *See* TEX. R. EVID. 103(a); *see also Guidry v. State*, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999) ("Absent a showing of what such testimony would have been, or an offer of a statement concerning what the excluded evidence would show, nothing is presented for review.") (citing *Stewart v. State*, 686 S.W.2d 118 (Tex. Crim. App. 1984), *cert. denied*, 474 U.S. 866 (1985)). Thus, we cannot conclude the trial court abused its discretion because Accelerated has not shown it was harmed. *Sink*, 364 S.W.3d at 347; *see also Owens-Corning Fiberglas Corp. v. Malone*, 916 S.W.2d 551, 569 (Tex. App.—Houston [1st Dist.] 1996, *aff'd on other grounds*, 972 S.W.2d 35 (Tex. 1998) (holding appellant could not show it was harmed by the court's exclusion of its

witnesses when it failed to indicate the substance of the testimony its witnesses would have provided if called).

We affirm.

230017f.p05

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ACCELERATED INVENTORY
MANAGEMENT, LLC, Appellant

No. 05-23-00017-CV     V.

BENJAMIN MCELROY, Appellee

On Appeal from the 68th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-01519.
Opinion delivered by Justice Carlyle.
Justices Reichek and Miskel
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee BENJAMIN MCELROY recover his costs of this appeal from appellant ACCELERATED INVENTORY MANAGEMENT, LLC.

Judgment entered this 28th day of March, 2024.