**AFFIRMED and Opinion Filed March 23, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00105-CV

**DEBORAH ANN MOON, Appellant**
**V.**
**CARL JOHN SCHEEF, III, Appellee**

**On Appeal from the 470th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 470-55705-2018**

# MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Partida-Kipness

Deborah Ann Moon appeals from the trial court's judgment for appellee Carl John Scheef, III on her tort claims brought as part of this divorce proceeding. In one issue, Moon contends the trial court erred in granting directed verdict on her tort claims. Specifically, Moon asserts that the trial court incorrectly applied the clear-and-convincing standard to her evidence of damages without first determining liability for her tort claims under the preponderance standard. We affirm the trial court's judgment.

## BACKGROUND

Moon and Scheef married in 2014. Moon is an optometrist, and Scheef is an attorney. At the time of marriage, Moon owned a 49% stake in her optometry practice, Lakeview Vision and Optical (LVO). From the time Scheef and Moon met, Moon expressed a desire to buy the remaining 51% interest in LVO (the 51% Interest). Moon told Scheef that she had begun saving money to make the purchase. After the couple were married, they accelerated saving for the purchase. Moon made an offer to buy the 51% Interest in 2015. Scheef and an attorney with his firm assisted in negotiating the purchase. Moon paid for the 51% Interest in multiple payments via checks and wire transfers.

Moon and Scheef began experiencing marital difficulties later in 2015, and Moon filed her original petition for divorce on September 26, 2018. She later filed an amended petition alleging claims for fraud, breach of fiduciary duty, and theft on the grounds that Scheef failed to structure the purchase so that the 51% Interest was Moon's separate property. Moon specifically alleged that Scheef "structured the sale in such away [sic] so as to convert [her] purchase from her separate property to community property." Scheef filed a counter-petition on October 10, 2018. Trial was held on August 6, 2019.

At the charge conference, Scheef moved for directed verdict on Moon's tort claims. Argument on Scheef's motion primarily concerned Moon's damages. Moon asserted she was damaged by the mere fact that Scheef received a community

–2–

property interest in the 51% Interest and contended her tort claims should be tried separately from the "family law claim." Scheef argued, however, that Moon presented no evidence the 51% Interest was purchased with her separate property, and Moon could not have been harmed because the purchase increased the community estate. When pressed by the trial court to explain how Moon had been harmed, Moon eventually admitted that she sought recovery for her separate property purportedly used to buy the 51% Interest. The testimony regarding the source of the funds used for the purchase, however, was conflicting. Moon testified that she pulled the money from accounts she held before the marriage, while Scheef testified that the couple saved the money from their income. Moon offered no tracing evidence to prove inception of title to the funds. Accordingly, the trial court concluded that Moon failed to present clear and convincing evidence to defeat the presumption that the 51% Interest was community property and granted Scheef's motion for a directed verdict. The jury rendered its verdict on the remaining questions, which included the value of LVO. The trial court issued its final decree of divorce and judgment, and this appeal followed.

## STANDARD OF REVIEW

A directed verdict is proper when a plaintiff fails to present evidence raising a fact issue essential to the plaintiff's right of recovery. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000); *Edes v. Arriaga*, No. 05-17-01278-CV, 2019 WL 2266391, at *4 (Tex. App.—Dallas May 24, 2019, no pet.)

(mem. op.) ("A directed verdict for a defendant may be proper in three situations: (1) when a plaintiff fails to present evidence raising a fact issue essential to the plaintiff's right of recovery; (2) if the plaintiff either admits or the evidence conclusively establishes a defense to the plaintiff's cause of action; or (3) a legal principle precludes recovery."). If a question of law provides the basis for the directed verdict, we review the trial court's ruling de novo. *Varel Int'l Indus., L.P. v. PetroDrillbits Int'l, Inc.*, No. 05-14-01556-CV, 2016 WL 4535779, at *4 (Tex. App.—Dallas Aug. 30, 2016, pet. denied) (mem. op.). If a directed verdict rests on the plaintiff's failure to present evidence raising a fact issue essential to its right of recovery or evidence conclusively establishing a defense barring the plaintiff's recovery, we apply a legal sufficiency or "no evidence" standard in our review. *Id*. Thus, with respect to the evidentiary inquiry here, the directed verdict was proper on Moon's tort claims only if she failed to present more than a scintilla of evidence raising a fact question regarding her entitlement to relief. *See Halmos v. Bombardier Aerospace Corp.*, 314 S.W.3d 606, 619–20 (Tex. App.—Dallas 2010, no pet.).

More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Coastal Transp., Inc. v. Crown Cent. Petrol. Corp.*, 136 S.W.3d 227, 234 (Tex. 2004) (internal quotation omitted). In determining whether more than a scintilla of evidence exists, we view the evidence in the light most favorable to the non-movant. *Id*. We credit the favorable evidence if reasonable jurors could and disregard the

contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We may affirm a directed verdict on any ground that supports it. *Exxon Corp. v. Breezevale Ltd.*, 82 S.W.3d 429, 443 (Tex. App.—Dallas 2002, pet. denied); *RSL-3B-IL, Ltd. v. Prudential Ins. Co. of Am.*, 470 S.W.3d 131, 136 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).

## ANALYSIS

In her sole issue on appeal, Moon contends the trial court erred in granting Scheef's motion for a directed verdict. Moon specifically argues the trial court erred by finding no evidence of damages to her separate estate and applying the clear-and-convincing standard to her evidence. She reasons that the trial court "was incapable of determining whether or not the 51% Interest was separate or community property until after the jury decided, by a preponderance of the evidence, whether the community interest had been acquired by Sheef's fraud, theft, or breach of fiduciary duty." Scheef maintains that the trial court did not err because the 51% Interest was presumed part of the community estate as it was purchased during marriage, and Moon failed to provide clear and convincing evidence to overcome this presumption. We agree with Scheef.

## A.    Community-Property Presumption

"Community property consists of the property, other than separate property, acquired by either spouse during marriage." TEX. FAM. CODE § 3.002. Separate property is property owned or claimed by a spouse before marriage or acquired by a

–5–

spouse by gift, devise, or descent during the marriage. TEX. FAM. CODE § 3.001; *Prague v. Prague*, 190 S.W.3d 31, 38 (Tex. App.—Dallas 2005, pet. denied). "The characterization of property as community or separate is determined by the inception of title to the property, i.e., when a party first has a right of claim to the property by virtue of which title is finally vested." *Sink v. Sink*, 364 S.W.3d 340, 344 (Tex. App.—Dallas 2012, no pet.). Property possessed by either spouse on dissolution of the marriage is presumed to be community property. TEX. FAM. CODE § 3.003(a).

To overcome the community-property presumption, the spouse claiming certain property as separate must trace and clearly identify the property claimed to be separate. *Sink*, 364 S.W.3d at 344; *Prague*, 190 S.W.3d at 38. "The burden of tracing is a difficult, but not impossible, burden to sustain." *Sink*, 364 S.W.3d at 344. It involves establishing the separate origin of the property through "evidence showing the time and means by which the spouse originally obtained possession of the property." *Id*. Separate property will retain its character through a series of exchanges so long as the party asserting separate ownership traces the assets back to property that, "because of its time and manner of acquisition, is separate in character." *Id*. 344–45. "Mere testimony that property was purchased with separate property funds, without tracing the funds, is generally insufficient to rebut the community property presumption." *Id*. Instead, the claimant must produce clear and convincing evidence to establish the property is separate. TEX. FAM. CODE § 3.003(b); *Magness v. Magness*, 241 S.W.3d 910, 912 (Tex. App.—Dallas 2007, pet.

denied). Any doubt as to the character of property is resolved in favor of the community estate. *Sink*, 364 S.W.3d at 345.

Here, the parties do not contest that the community-property presumption applies to the 51% Interest, which was purchased during the marriage. *See* TEX. FAM. CODE § 3.003(a). Thus, Moon had the burden to produce sufficient evidence to overcome the presumption. *See Sink*, 364 S.W.3d at 344. The record reflects that Moon testified that part of the funds used for the purchase was drawn from money wired into her checking account from a mutual fund she had from before the marriage. She testified that other funds came from a "loan through [her] business." She offered only bank statements reflecting the deposits and withdrawals to support her testimony. She offered no evidence, however, establishing the origin of the wired funds or the loan, and her testimony alone was insufficient to rebut the community presumption. *See id*. at 344–45.

In contrast, Scheef testified that some of the purchase money was saved during marriage. He specifically testified that Moon had been saving $1,100 per month before marriage, and that the couple increased that to $4,000 per month after marriage. He claimed that Moon paid $55,000 as a down payment on the purchase from these funds. Citing LVO's financial statements, Scheef also noted a $150,000 loan that Moon recognized as income and later used for a portion of the purchase price. This loan could not be properly characterized as separate property. *See* TEX. FAM. CODE § 3.001; *see also McClary v. Thompson*, 65 S.W.3d 829, 834 (Tex.

App.—Fort Worth 2002, pet. denied) ("[A]ny spouse's personal income is community property.").

At the close of evidence, Scheef moved for directed verdict on Moon's tort claims based on Moon's purported failure to present any evidence the 51% Interest was her separate property. The trial court questioned Moon extensively regarding evidence that the 51% Interest, which was "purchased during the marriage," was Moon's separate property. Moon admitted there was no such evidence and claimed, "That's why we have a fiduciary duty claim," in reference to Moon's separate property interest in her tort claims. Thus, Moon asserted the trial court could not determine a just-and-right division of property until the tort claims were resolved. The trial court noted, however, that any property loss suffered by Moon would not be apparent until it completed the property division. Moon reasoned, however, that to determine her property loss, the court must first resolve her tort claims. The trial court disagreed and declined to submit the tort claims to the jury absent evidence of harm to Moon's separate property. The trial court then questioned Moon concerning what evidence was presented at trial to show "that she had separate property before that got converted into the 51 percent community of Lakeside Vision." Moon did not cite any evidence but reiterated her contention that she would not have entered into the purchase if she had known it would be community property. The trial court noted the only evidence of tracing was Moon's testimony regarding funds used for the purchase, but Moon and Scheef offered conflicting testimony as to the source of

those funds, and Moon offered no evidence showing inception of title to the funds. Thus, the trial court determined that Moon failed to offer clear and convincing evidence that the funds used to purchase the 51% Interest during marriage were her separate property. Based on the record before us, we conclude that the trial court did not err in reaching this determination.

## B.    Tort Claims

Moon contends that the trial court erred in assessing her evidence of damages and not submitting the tort claims to the jury. According to Moon, her "tort causes of action and their damages are separate property."

Recovery for personal injuries sustained by a spouse during marriage are generally that spouse's separate property. TEX. FAM. CODE § 3.001(3); *see also Toles v. Toles*, 45 S.W.3d 252, 265 (Tex. App.—Dallas 2001, pet. denied) (recovery from spouse for intentional infliction of emotional distress was separate property of injured spouse). Relying on this principle, Moon contends the trial court could not conduct a just-and-right division of property until her tort claims were resolved. Moon's tort claims, however, did not allege personal harm but economic harm to her separate estate. Specifically, Moon alleged that Scheef structured the transaction "to convert [her] purchase from her separate property to community property." Thus, Moon's tort claims were founded on a theory of economic injury to her separate estate. Accordingly, to prevail on her tort claims, she had to offer proof that her separate property was used to purchase the 51% Interest. *See Schlueter v. Schlueter*,

975 S.W.2d 584, 589 (Tex. 1998) ("[T]here is no independent tort cause of action for wrongful disposition by a spouse of community assets."); *Phillips v. Phillips*, 296 S.W.3d 656, 678 (Tex. App.—El Paso 2009, pet. denied) ("[A]wards for economic torts committed against the community estate belong to the community."). Indeed, even if she had prevailed on the tort claims, Moon would still have to prove the separate character of her recovery by clear and convincing evidence. *See Farmers Tex. Cty. Mut. Ins. Co. v. Okelberry*, 525 S.W.3d 786, 793–94 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (spouse who asserts separate property interest over settlement of personal injury claims required to prove separate character of settlement by clear and convincing evidence). Thus, the trial court properly assessed whether Moon had produced sufficient evidence of harm to her separate estate as a predicate for submitting the tort claims to the jury. *See* TEX. FAM. CODE § 3.003(b) (requiring clear and convincing evidence to establish that property is separate); *see also Blackstone Med., Inc. v. Phoenix Surgicals, L.L.C.*, 470 S.W.3d 636, 645 (Tex. App.—Dallas 2015, no pet.) (an issue may go to the jury only if a fact issue is raised on a material question). Moon failed to offer sufficient evidence that her separate property was used to purchase the 51% Interest.

Additionally, Moon's fraud claim required her to prove that Scheef "made a material representation that was false." *See Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). Moon fails to identify any evidence that Scheef represented to her that he would structure the purchase such that the 51%

–10–

Interest would be Moon's separate property. The only evidence cited by Moon is her testimony that she did not learn the 51% Interest was community property until Scheef told her as the couple was separating. This evidence merely shows Moon was unaware of the character of the 51% Interest, it does not show that Scheef falsely represented that the 51% Interest would be her separate property. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) ("Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983))).

Based on the record before us, we cannot say the trial court erred in concluding that Moon failed to offer sufficient evidence to submit her tort claims to the jury. The record reflects that the 51% Interest was subject to the community-property presumption, and Moon failed to present evidence beyond her contested testimony to trace the funds used for the purchase of the 51% Interest and overcome this presumption. Absent legally sufficient evidence that her separate property was used to purchase the 51% Interest, the trial court could not submit the tort claims to the jury. Accordingly, the trial court did nor err in in granting Scheef's motion for a directed verdict. *See Prudential Ins. Co.*, 29 S.W.3d at 77.

## CONCLUSION

Moon's tort claims arose from Scheef's alleged fraud in converting Moon's separate property to community property through the purchase of the 51% Interest.

However, Moon failed to offer sufficient evidence to overcome the community-property presumption and establish that her separate property was used for the purchase. Thus, the trial court properly granted Scheef's motion for a directed verdict. We, therefore, overrule Moon's sole issue on appeal and affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

200105F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEBORAH ANN MOON, Appellant

No. 05-20-00105-CV V.

CARL JOHN SCHEEF, III, Appellee

On Appeal from the 470th Judicial District Court, Collin County, Texas Trial Court Cause No. 470-55705-2018.
Opinion delivered by Justice Partida-Kipness. Justices Schenck and Osborne participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CARL JOHN SCHEEF, III recover his costs of this appeal from appellant DEBORAH ANN MOON.

Judgment entered March 23, 2022.