**Affirm in Part, Reverse in Part and Opinion Filed May 15, 2023**



In The

𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘
𝕱𝖎𝖋𝖙𝖍 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕿𝖊𝖝𝖆𝖘 𝖆𝖙 𝕯𝖆𝖑𝖑𝖆𝖘

No. 05-21-00915-CV

**IN THE INTEREST OF Y.B., MINOR CHILD**

**On Appeal from the 468th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 468-56973-2017**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Kennedy
Opinion by Justice Partida-Kipness

Appellant Alamu Bailey (Husband) appeals a Final Decree of Divorce issued following a trial at which Husband did not appear. Husband challenges the trial court's division of the marital estate, including the award of Dallas Lash Academy to appellee Arrious Bailey (Wife). Husband also appeals the trial court's denial of his motion to set aside the default judgment and the award of attorney's fees to Wife. We affirm in part and reverse in part.

## BACKGROUND

Wife first filed for divorce in 2017. Husband alleges Wife never served him with the initial petition and in August 2018, Wife asked for service by publication

stating she was unaware of how to locate Husband. The trial court granted Wife's request to serve Husband by publication. In September 2018, a default divorce was granted.

Husband learned of the divorce and filed a motion for new trial in October 2018. The trial court granted Husband's motion and in January 2019, Husband filed a counter-petition for divorce. The parties then reconciled and continued living together as husband and wife.

In January 2021, the trial court dismissed the divorce proceeding for want of prosecution. In February 2021, however, the parties asked the court to reinstate the case and leave it pending on the trial court's docket. The trial court reinstated the case and issued a scheduling order on February 28, 2021, that set the discovery deadlines and scheduled a trial date in June. On June 25, 2021, the trial court sent the parties an e-mail inquiring if they were ready for trial. Husband's trial counsel replied they had not completed discovery, assumed the trial court would find they were not ready for trial, and took no additional action.

The case, however, proceeded to trial on June 28, 2021. Wife and her counsel appeared for trial, but Husband and his counsel did not. Wife was the only witness at trial. After hearing Wife's testimony, the trial court announced its rulings on the record, which included awarding Dallas Lash Academy to Wife as her separate property. The trial court signed a Final Divorce Decree on July 28, 2021.

Husband filed a motion to set aside the default judgment and a motion for new trial. Husband's trial counsel filed an affidavit in support of the motion. In the affidavit, trial counsel stated she slept through her alarm on the day of trial because she had shoulder surgery prior to the trial date and was under the influence of prescription medication that left her incapacitated. Trial counsel asserted that she was taken to the emergency room the day of trial and prescribed stronger pain medication which left her further incapacitated and unable to attend court. According to trial counsel, she attempted to contact the trial court when she realized she had multiple missed calls from court staff. She further stated that she was unaware the case was proceeding to trial because the Husband had stated the parties had reconciled and were not pursuing the divorce.

The trial court held a hearing on Husband's motion for new trial. During the hearing, the court questioned Husband's counsel as to when she attempted to notify the court regarding her absence. The trial court also wanted an explanation as to why Husband did not appear for trial. After hearing the responses and argument of both sides, the trial court denied Husband's motion. This appeal followed.

## ANALYSIS

In four issues, Husband argues Dallas Lash Academy should not have been awarded to Wife as separate property, the trial court abused its discretion in the division of the marital estate, the trial court erred in denying Husband's motion to

–3–

vacate the default judgment, and the trial court erred in awarding Wife's attorney's fees.

## A.     Division of Property

In his first and second issue, Husband challenges the trial court's division of property, mainly Dallas Lash Academy.

We review the trial court's rulings dividing the parties' property under an abuse of discretion standard. *In re Marriage of C.A.S.*, 405 S.W.3d 373, 382 (Tex. App.—Dallas 2013, no pet.); *see In re D.V.D.,* No. 05-17-00268-CV, 2018 WL 2316014, at *1–2 (Tex. App.—Dallas May 22, 2018, no pet.) (mem. op.). A trial court abuses its discretion when it acts "without reference to any guiding rules and principles; in other words, whether the act was arbitrary or unreasonable." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). In a non-jury trial, where no findings of fact or conclusions of law are filed or requested, we must presume that the trial court made all the necessary findings to support its judgment. *Sink v. Sink*, 364 S.W.3d 340, 343 (Tex. App.—Dallas 2012, no pet.). Consequently, if the trial court's implied findings are supported by the evidence, we must uphold its judgment on any theory of law applicable to the case. *Id.* at 343–44.

In family law cases, legal and factual sufficiency challenges do not constitute independent grounds for asserting error, but they are relevant factors in determining whether the trial court abused its discretion. *C.A.S.*, 405 S.W.3d at 383. To determine whether the trial court abused its discretion because the evidence is legally or

factually insufficient to support the trial court's decision, we consider whether the trial court (1) had sufficient evidence upon which to exercise its discretion, and (2) erred in its application of that discretion. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). We conduct the applicable sufficiency review when considering the first prong of the test. *Id.* We then determine whether, based on the elicited evidence, if the trial court made a reasonable decision. *Id.* A trial court does not abuse its discretion if it bases its decision on conflicting evidence as long as there is some evidence of a substantive and probative character to support the decision. *In re S.N.Z.*, 421 S.W.3d 899, 911 (Tex. App.—Dallas 2014, pet. denied); *Moroch*, 174 S.W.3d at 857. The trial court is the sole judge of the credibility of witnesses and the weight to be given their testimony. *In re M.A.M.*, 346 S.W.3d 10, 14 (Tex. App.—Dallas 2011, pet. denied).

When reviewing an alleged property characterization error, we must determine whether the trial court's finding is supported by clear and convincing evidence and whether the characterization error, if established, was an abuse of discretion. *Magness v. Magness,* 241 S.W.3d 910, 912 (Tex. App.—Dallas 2007, pet. denied). We must indulge every reasonable presumption in favor of the trial court's proper exercise of its discretion in dividing marital property. *Sink*, 364 S.W.3d at 343. We will reverse the ruling of the trial court only if the record demonstrates that the trial court clearly abused its discretion, and the error materially affected the just and right division of the community estate. *Id.*

When the burden of proof at trial is clear and convincing evidence, we apply a higher standard of legal and factual sufficiency review. *Id.* at 344. Clear and convincing evidence is defined as that "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE § 101.007; *Sink*, 364 S.W.3d at 344. In reviewing the evidence for legal sufficiency, we look at all the evidence in the light most favorable to the judgment to determine if the trier of fact could reasonably have formed a firm belief or conviction that its finding was true. *See Moroch,* 174 S.W.3d at 858. We must assume that the fact finder resolved disputed facts in favor of its finding if a reasonable fact finder could do so. *Id.* In reviewing the evidence for factual sufficiency, we must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing and then determine whether, based on the record, a fact finder could reasonably form a firm conviction or belief that the allegations in the petition were proven. *Sink*, 364 S.W.3d at 344.

Under the family code there is a presumption that property possessed by either spouse at the dissolution of the marriage is presumed to be community property. TEX. FAM. CODE § 3.003(a). Only community property is subject to the trial court's just and right division. *Barnard v. Barnard*, 133 S.W.3d 782, 789 (Tex. App.—Fort Worth 2004, pet. denied). The party who seeks to assert that property is her separate property must prove its separate character by clear and convincing evidence. TEX.

FAM. CODE 3.003(b). Separate property includes property "owned or claimed by the spouse before marriage." *Id*. § 3.404(a). "Clear and convincing evidence must outweigh evidence that would satisfy the preponderance standard, but it need not be unequivocal or undisputed." *Lee v. Lee*, No. 02-18-00006-CV, 2019 WL 3024478, at *4 (Tex. App.—Fort Worth July 11, 2019, no pet.) (mem. op.). A trial court has no discretion to divest a spouse of his separate property. *Barnard*, 133 S.W.3d at 789.

Husband argues Wife "should have been required to provide evidence to rebut" the presumption that Dallas Lash Academy was community property. However, at the trial, Wife testified and stated that she owned Dallas Lash Academy before she met Husband, and asked the trial court to award the business as her separate property. Husband failed to appear for trial or admit any evidence that contradicted Wife's testimony.

"A spouse is competent to testify concerning the characterization of property without producing independent documentation such as bank records." *Pace v. Pace*, 160 S.W.3d 706, 714 (Tex. App.—Dallas 2005, pet. denied). "The testimony of a spouse seeking to overcome the community property presumption need not be corroborated to meet the clear and convincing standard." *Id*. However, "a party's unsupported and contradicted testimony may not meet the clear and convincing standard." *Id*. Here, because Husband presented no evidence to contradict Wife's testimony, there was sufficient evidence to support the trial court's findings that

Dallas Lash Academy was Wife's separate property. *See Pace*, 160 S.W.3d at 714; *Vannerson v. Vannerson*, 857 S.W.2d 659, 667–68 (Tex. App.—Houston [1st Dist.] 1993, writ denied); *Monroe v. Monroe*, 358 S.W.3d 711, 718 (Tex. App.—San Antonio 2011, pet. denied). Husband's first issue is overruled.

Additionally, Husband has failed to meet his burden to establish that the trial court's division of the community estate was so unjust and unfair as to constitute an abuse of discretion. *C.A.S.*, 405 S.W.3d at 384 (party complaining of division of community estate has the burden to prove division was so unjust and unfair as to constitute abuse of discretion). Nor did Husband request findings of fact and conclusions of law regarding the characterization and value of Dallas Lash Academy or any other asset. *See* TEX. FAM. CODE § 6.711(a) (on request by party, trial court shall state in writing its findings of fact and conclusions of law, including the characterization and value of all assets on which disputed evidence has been presented); *C.A.S.*, 405 S.W.3d at 388 (where husband did not contend that listed assets had disputed value, trial court did not abuse discretion by failing to make findings of assets' values); *see also Monroe v. Monroe*, 358 S.W.3d 711, 718 (Tex. App.—San Antonio 2011, pet. denied) (when complaining party does not provide values of property to trial court, that party cannot complain on appeal of property division). Because Husband presented no evidence, he did not meet his burden to challenge the property distribution, and the trial court did not abuse its discretion. We overrule Husband's second issue.

**B.      Motion to Set Aside Default Judgment**

In his third issue, Husband argues the trial court erred by failing to grant his motion to set aside the default judgment divorce.

We review a trial court's decision to deny a motion to set aside a default judgment for abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). A default judgment should be set aside and a new trial granted when the defaulting party establishes that (1) the failure to answer or to appear was not intentional, or the result of conscious indifference, but was due to a mistake or an accident; (2) the motion for a new trial sets up a meritorious defense; and (3) granting a new trial will not occasion delay or work other injury to the prevailing party. *Id*; *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). When as here, no findings of fact and conclusions of law are filed, the denial of a motion to set aside the default judgment and for new trial must be upheld on any legal theory supported by the evidence. *See Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984). When a defaulting party moving for new trial meets all three elements of the *Craddock* test, then a trial court abuses its discretion if it fails to grant a new trial. *Dolgencorp*, 288 S.W.3d at 926.

Husband argues he demonstrated good faith to entitle him to a new trial because trial counsel presented an affidavit to show counsel was incapacitated. Additionally, in his motion, Husband stated he did not appear for trial because Wife "repeatedly assured" Husband to believe they were not proceeding with their divorce

–9–

and there was no need to appear in court. Husband also maintains he meets the *Craddock* factors. He is mistaken.

Husband's motion and trial counsel's argument do not show their failures to appear were due to mistake or accident. Trial counsel stated she had a medical condition that required her to go to the emergency room. However, in testimony at the motion for new trial hearing, trial counsel stated she knew of the trial setting the Friday prior and told the trial court they needed more time for discovery, without asking for further information or clarification about the trial setting. She also admitted that she did not indicate Husband needed a continuance at that time. Additionally, trial counsel did not return phone calls to the trial court on June 28, 2021 until later in the afternoon, even though trial was set in the morning. Husband's mistaken belief that the divorce was not proceeding is also not sufficient to meet a *Craddock* factor. *See Craddock*, 133 S.W.2d at 126. Husband failed to show the trial court erred by denying his motion for new trial. We overrule his third issue.

## C.    Attorney's Fees

Although there is no statute specifically authorizing an award of attorney's fees in a divorce proceeding, the trial court may within its sound discretion award attorney's fees. *See Mandell v. Mandell*, 310 S.W.3d 531, 541 (Tex. App.—Fort Worth 2010, pet. denied); *see also C.A.S.*, 405 S.W.3d at 386. An attorney's fee is but another element for the court to consider in dividing the marital estate. *Mandell*, 310 S.W.3d at 541. That is, in a divorce suit, the trial court has the equitable power

to award either spouse attorney's fees as a part of the just and right division of the marital estate. *See, e.g., Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981).

Any award of attorney's fees must be supported by the evidence. *See Thomas v. Thomas*, 895 S.W.2d 895, 898 (Tex. App.—Waco 1995, writ denied). Testimony should be presented regarding the experience of the attorney, the prevailing hourly rates, the nature of the preparation, the complexity of the case, and the number of hours spent on the case. *In re C.R.C.*, No. 05-20-00125-CV, 2022 WL 16549070, at *6 (Tex. App.—Dallas Oct. 31, 2022, no pet.).

During trial, the trial court stated that "there was a request for attorney's fees in the amount of $4500." Based on that request, the trial court granted Wife's attorney's fees. There was no testimony or evidence presented by Wife regarding the experience of Wife's attorney, his prevailing hourly rates, the nature of preparation or complexity of the case, or the numbers of hours he spent on the divorce. *Id.* Therefore, the trial court erred by granting Wife's attorney's fees without additional evidence. We sustain Husband's fourth issue.

## CONCLUSION

Based on the record before us, we conclude the trial court did not abuse its discretion by awarding Dallas Lash Academy to Wife as her separate property or in its distribution of community property in the divorce decree. We further conclude the trial court did not abuse its discretion by denying Husband's motion to set aside the default judgment. The trial court did abuse its discretion, however, by awarding

–11–

attorney's fees to Wife. Accordingly, we overrule Husband's first three issues, sustain Husband's fourth issue, reverse the award of fees to Wife, render judgment that Wife recover no attorney's fees, and affirm the Final Divorce Decree in all other respects.

210915f.p05

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF Y.B.,
MINOR CHILD

No. 05-21-00915-CV

On Appeal from the 468th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 468-56973-
2017.
Opinion delivered by Justice Partida-
Kipness. Justices Nowell and
Kennedy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment that awards Wife attorney's fees. In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 15ᵗʰ day of May 2023.